## Nellie Maginnis, Appellee, v. The Hartford Fire Insurance Company, Appellant.

### Gen. No. 15,440.

1. EVIDENCE—*how proof of ownership may be made.* It is not error to permit a witness to testify directly as to the ownership of personal property.

2. INSURANCE—*what purely matter of defense.* Matter of discrepancy as to the title of the plaintiff is one of defense purely.

3. DEPOSITIONS—*when objection to testimony comes too late.* Objection to the testimony of a witness given by way of deposition because of a mistake in the *dedimus* in the spelling of the name of the witness, comes too late if first made at the trial.

4. APPEALS AND ERRORS—*when references in brief improper.* A brief should not refer to matters *dehors* the record.

Assumpsit. Appeal from the Municipal Court of Chicago; the Hon. FREDERICK L. FAKE, JR., Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed on *remittitur.* Opinion filed April 7, 1911. *Remittitur* filed April 13, 1911.

**Statement by the Court.** The appellee, who was the plaintiff below, brought suit against the appellant on an oral agreement of insurance upon a stock of ice of which she claimed to be the owner and which was contained in a building owned by her near Burlington, Wisconsin.

The declaration alleges the contract to have been made by plaintiff's son, T. B. Maginnis, as agent, with Walter Schroeder, the duly authorized agent of the insurance company, on June 9, 1905, the amount of the insurance being placed at $2,500, at a premium of $75 for the period of one year, beginning on said June 9th; that on the following day after the making of the contract, the stock of ice, valued at $12,000, was totally destroyed by fire; that on the 14th day of June, 1905, the plaintiff offered the defendant a check for the amount of the premium, which it refused to accept; that proofs of loss were made in apt time; that there was due the

plaintiff the sum of $2,500, with interest thereon at 5% from October 2, 1905.

Defendant filed a plea of *non-assumpsit* and also a special plea, in which it was set forth that one of the conditions of the standard form of fire insurance policy of the State of Wisconsin was to the effect that unless otherwise provided by the agreement, the entire policy should be void if the interest of the insured should be other than that of unconditional and sole ownership. The plea further alleged that the plaintiff was not the owner of the ice, but that it belonged to the Lincoln Ice Company, or that the Ice Company had some interest in the same and that therefore the policy or contract was void.

Issue was joined on the plea of *non-assumpsit*, and replication filed to the special plea. There was a verdict for the plaintiff for the sum of $2,970.89 and judgment thereon.

The errors complained of by appellant are that improper evidence was admitted and proper evidence refused; that the court erred in refusing to direct a verdict for defendant at the close of the plaintiff's evidence, and again at the close of all the evidence; that improper instructions were given by the court, and proper instructions refused; that the verdict and judgment are not supported by, but are contrary to, the evidence, and are excessive; that the court erred in overruling the defendant's motion for a new trial, and its motion in arrest of judgment.

BARGER & HICKS, for appellant.

JOHN MAYNARD HARLAN and LEWIS W. MCCANDLESS, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

We consider the questions raised by the appellant in their order as nearly as possible.

Two of the witnesses for the plaintiff were allowed

to answer, over the objection of the defendant, the question as to who owned the ice in the ice house described, both of them answering that it belonged to the plaintiff, their mother. Appellant argued that this answer involved a legal conclusion, and that therefore the question was improper. We do not so regard it. Both of the witnesses were fully cross-examined, and we think that the plaintiff was entitled to make *prima facie* proof of her ownership in this way.

Testimony discloses the fact that, through her son, acting as agent, she had paid for harvesting the ice and that it was stored in a building belonging to her. It is true that the evidence also discloses that the ice not destroyed was apparently shipped by the Lincoln Ice Company to itself at Chicago, and that the capital stock of the Lincoln Ice Company was owned and controlled by the plaintiff. There is some question as to whether or not the railway company was authorized to use the name of the Lincoln Ice Company as consignor in the various papers connected with the shipment, but in any event we do not see how this proof tended to establish ownership in the Lincoln Ice Company at the time the insurance was effected and the loss occurred.

Attention is called by the appellant to the fact that the Wisconsin statute, which was offered in evidence and which establishes what is known as the Wisconsin standard policy, provides that such a policy be void if the interest of the insured should be other than that of unconditional and sole ownership, and claim is made that therefore the declaration in the case should have asserted that the interest of the plaintiff was that of unconditional and sole ownership. Under the rule laid down by the Supreme Court, this was a proper matter of defense. (Clay F. & M. Insurance Co. v. Wusterhausen et al., 75 Ill. 285; Knickerbocker Ins. Co. v. Tolman et al., 80 Ill. 106; Phenix Insurance Co. v. Caldwell, 187 Ill. 73.)

The appellant, as shown in the foregoing statement, put in issue this question by its plea. This was proper

because it was not necessary that the appellee should make any allegations or proof on the subject. This clause of the statute, if it could be said to be incorporated into the policy, was solely for the benefit of the appellant, and it was incumbent upon it to interpose a breach of it as a matter of defense, if it desired to avail itself of such defense. Clay F. & M. Insurance Co. v. Wusterhausen et al., *supra.* We think, also, that the record shows that a preponderance of the evidence was with the appellee in this regard.

Nor do we think that the court erred in refusing to direct a verdict for the defendant at the close of the plaintiff's evidence or at the close of all the evidence.

Three witnesses testified on behalf of the plaintiff, and one only on behalf of the defendant, on the proposition as to the making of the oral agreement, and we think that plaintiff established a contract by the testimony so offered in her behalf. Comment is made upon the fact that plaintiff herself was not a witness. We do not see how any inference unfavorable to her can be drawn from this fact. Her son was acting as her agent and made the contract. It is quite probable that she knew nothing about the matter, and it was not necessary that she should know, as her son had full authority to act for her and in her behalf.

Depositions of two witnesses, Warren and Roettinger, were taken at the instance of the appellant. Their testimony was read by the appellee, over the objection of the appellant. It tended to establish the fact that the ice was taxed as personal property for the year 1905.

We agree with the appellant that the testimony should not have been received merely because it was taken at the instance of the appellant, and probably was incompetent as tending to show ownership of the property in Mrs. Maginnis. However, in our opinion her title to the property is so conclusively established by other proof that we think the error, if it was such, was harmless.

Criticism is also made of the admission in evidence of the testimony of John T. Prash. His testimony was taken at the instance of the appellant on the dedimus in which the name "John T. Brash" appeared. The parties in taking the deposition seemed to have regarded the misspelling of the name as merely a clerical error, and no motion was made to withdraw or suppress the deposition on account of the mistake. We think the objection to it at the time of the trial came too late.

Complaint is made that T. B. Maginnis, son of the plaintiff, was allowed to testify as to a telephone conversation between them, while Maginnis was in Burlington and Schroeder in Milwaukee. Maginnis testified that he knew he was talking to Schroeder, and the conversation itself was unimportant, as it related merely to the fact that there had been a fire. If there was error in admitting this testimony, which we do not hold, it was, in our opinion, harmless.

Complaint is also made that the court erred in admitting in evidence, over the objection of the defendant, two checks which were sent to the defendant in payment of the premium. The checks were sent after the fire, and were refused by the appellant on the ground that no contract of insurance had been entered into, and not on the ground that they were not legal tender. We think that they were properly received in evidence as tending to show that the plaintiff had endeavored to carry out the contract on her part.

The court refused to admit the witness, T. B. Maginnis, at the instance of the appellant, to refresh his memory by referring to a book that was in court at the time of the trial, and to state therefrom how much had been paid by the appellee to the Lincoln Ice Company in the year 1905 and prior to June 10th or July 1st. We think no error was committed in this regard. It was not proper cross-examination. If important at all, it should have been brought out by the defendant as part of its defense. In any event, the proper founda-

tion had not been laid for the introduction of what might appear on the book. (C. & A. R. R. Co. v. Adler, 56 Ill. 344.)

The court refused to admit in evidence a number of waybills issued by the railway company, showing shipments of ice from Burlington by the Lincoln Ice Company as consignor to itself as consignee in Chicago. These waybills could not, in our judgment, in any way tend to establish that plaintiff was not the owner of the ice at the time of making of the contract and at the time of the fire, and we think that the court properly excluded them from the consideration of the jury.

The last objection to which we shall give attention is that the court erred in permitting the plaintiff to prove the rate of interest in Wisconsin, and instructed the jury to allow 6% on the claim from the time it was payable under the terms of the alleged contract.

It appears that the legal rate of interest in Wisconsin is 6%, and it is urged by the appellant that as the contract was made in Chicago, the Illinois statute should govern. The amount of the verdict, if interest is computed at 5% from the date when the loss became payable under the terms of the contract, is less than it should be, but no allowance is made to the defendant for the premium. No set-off was interposed by the defendant, and it is doubtful whether such allowance, under the circumstances, should be made. However, the appellee consents to the same, and computation shows that the verdict with this allowance should have been $2,836.25. We treat the offer as a *remittitur* by the plaintiff of $60.83.

The attorneys for the appellee in concluding their argument state:

"On substantially the same evidence in the case brought by the plaintiff against the Metropolitan Insurance Company on the oral contract of insurance made by the plaintiff with Schroeder as agent of the Metropolitan company at the same time the contract here involved was made, a different jury found the

same verdict as was returned in the case at bar, and the Metropolitan company acquiesced in the verdict. This is significant on the question whether the verdict in the case at bar is against the evidence.''

After the briefs were filed we were informed by the attorneys for the appellee that the Metropolitan case was tried before the court, and not with a jury. We find in the record no proof as to the result of the suit against the Metropolitan company, and although some reference is made to it, such result would not have been competent if offered as evidence. The fact that a judgment was rendered for the plaintiff in that proceeding had no proper place in appellee's brief, and reference to it was improper.

We find no error in the record, except as to the amount of the judgment, and the judgment will therefore be affirmed for the reduced amount as stated, appellant to pay costs in this court.

Judgment affirmed on written remittitur filed in this court within ten days. Otherwise reversed and remanded.

*Affirmed on remittitur.*