# John Feulner, Plaintiff in Error, v. Anna Gillam, Defendant in Error.

## Gen. No. 24,444.

1. PLEADING, § 128*—*when demurrer to replications in action on note is properly sustained.* In an action to recover on a promissory note, a demurrer is properly sustained to replications setting up that the trust mentioned in the special pleas was a trust of lands and was not a resulting trust or one created by operation of law, and that no declaration or creation thereof had been made in writing, and also that the agency agreement alleged in such pleas was not in writing nor to be performed in a year, where the special pleas do not allege a trust or that plaintiff was holding the property in trust for certain specific purposes but merely that he held the property as agent, subject to the principal's directions, and do not allege any agreement by plaintiff to act as agent in such regard but rather that he did in fact act as such agent.

2. INSTRUCTIONS, § 115*—*when properly refused.* An instruction on a theory not involved in the case is properly refused.

3. DEEDS, § 197*—*how agency of grantee may be established.* Where one of the questions involved in an action is whether a certain conveyance was made to plaintiff as agent of the grantor and there is sufficient evidence to make up an issue on such question and it is submitted to the jury, it is not error to refuse an instruction that by such conveyance the property became the absolute property of plaintiff and that he had a right to sell it and use the proceeds as he saw fit, as such an agency could be established by parol.

4. BILLS AND NOTES, § 377*—*when presumption of plaintiff's ownership of note arises.* When, in an action to recover on a promissory note signed by defendant and made payable to plaintiff's order, plaintiff presents the note, a presumption of his ownership of the note and of his right to recover arises, and the burden is on defendant to overcome such presumption.

5. EVIDENCE, § 371*—*when witness may testify that certain person is owner of commercial paper.* As a general rule, a witness may testify that a certain person is the owner of a piece of commercial paper, where it appears from the evidence that such fact is within the knowledge of the witness and that, in so testifying,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

he is not giving an expression of an opinion from other facts in evidence.

6. EVIDENCE, § 371*—*when evidence as to ownership of commercial paper is incompetent.* When the ownership of a piece of commercial paper is not within the knowledge of a witness and, in so testifying, the witness would be giving an expression of opinion from other facts in evidence and when the fact of ownership is an issue before the jury for determination, evidence of the witness as to such ownership is incompetent.

7. EVIDENCE, § 371*—*when error in action on note to permit defendant to testify as to who owned indebtedness evidenced by note.* In an action to recover on a promissory note made by defendant and payable to plaintiff, where the defense is that such note had been given by defendant to plaintiff to evidence an indebtedness due by defendant to her mother, that plaintiff was the agent of the mother and received the note as such agent only and had no interest in it and that the mother, by her will, had directed that the note be canceled and returned to defendant, which contention is denied by plaintiff, it is error to permit defendant to testify as to who owned the indebtedness evidenced by the note.

O'CONNOR, J., dissenting.

8. BILLS AND NOTES, § 428*—*admissibility of will to show ownership of note sued on.* In an action to recover on a promissory note made by defendant and payable to plaintiff, where defendant contends that such note was given to plaintiff as agent of defendant's mother, that plaintiff was not the owner thereof and that the mother, who died before the action was commenced, had stated in her will that she was the owner of the note and had directed that it be canceled and returned to defendant, such provision of the will is not admissible on the question of the ownership of the note, the statements therein being self-serving declarations, but if, in supporting the burden of proof on the question of ownership, the defendant made out a prima facie case, it could be admitted to show that the note had been forgiven, and for such purpose only.

Error to the Superior Court of Cook county; the Hon. MARTIN M. GRIDLEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Reversed and remanded. Opinion filed December 3, 1919.

MANIERRE & PRATT, for plaintiff in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

SPENCER WARD, for defendant in error.

MR. PRESIDING JUSTICE THOMSON delivered the opinion of the court.

By this writ of error the plaintiff, John Feulner, seeks to reverse a judgment recovered by the defendant, after a verdict finding the issues in her favor, in a suit based upon a promissory note signed by the defendant and drawn to the plaintiff's order.

It was the claim of the defendant on the trial that although the note was payable to the plaintiff, who was her brother, it was in fact the property of their mother and was held by the plaintiff as the mother's agent and further that their mother had forgiven the defendant the note and had bequeathed it to her by will.

On a former appeal we held that parol evidence was admissible to show that the plaintiff, payee in the note, was in fact the agent of another who was the beneficial owner, provided the defendant had a good defense to the note as against the beneficial owner, and also that the defendant might interpose as against the plaintiff any defense which might be set up as against the beneficial owner just as though the suit had been brought in the name of the latter.

We held further that the trial court erred in sustaining the plaintiff's objection to the defendant's offer of a certified copy of her mother's will. *Feulner v. Gillam*, 211 Ill. App. 348.

On the retrial of the case the defendant put in testimony tending to show that her mother was the beneficial owner of the note and that it was in the hands of the plaintiff, as the agent of her mother, and that their mother had forgiven the defendant the note, and the certified copy of the mother's will was admitted in evidence.

The substance of the defense interposed by the defendant to the plaintiff's suit as set forth in the special pleas filed by her was to the effect that the plaintiff was the agent of his mother and had charge of her affairs and business and transacted the same in his name and that the defendant being indebted to her mother, and for the purpose of evidencing such indebtedness, executed the note in question, with the name of the plaintiff therein, as payee, and that the latter had no interest in the note except as the agent of his mother, who was the sole owner of the note; and that the latter had died, leaving a last will and testament which had been duly probated; and that by the terms of her last will the mother had bequeathed said note to the defendant with all that was due thereon at her death and had directed that the note be canceled and delivered to the defendant. The plaintiff filed certain replications to these special pleas, setting up among other things "that the said trust in these said pleas and each thereof mentioned was then and there a trust of lands, tenements and hereditaments," and that said trust was not a resulting trust or one created by operation of law and that no declaration or creation of such trust had ever been made in writing, or signed by the party enabled by law to declare such trust; and these replications filed by the plaintiff further set up that the agreement of the plaintiff to be the agent of an act in said fiduciary capacity for his mother as alleged in said pleas was not to be performed within the space of one year from the making thereof; and that said alleged agreement was not in writing nor was there any memorandum thereof in writing. The defendant filed demurrers to these replications and the demurrers were sustained. In support of this writ of error the plaintiff contends that the trial court erred in sustaining these demurrers. In our opinion the demurrers were properly sustained. The special pleas

do not allege a trust or that the plaintiff was holding the mother's property in trust for certain specific uses designated by the mother, but rather that he was acting in the capacity of his mother's agent, having her property in his possession in his capacity as agent and subject to such directions as she might make. Nor do the pleas allege any agreement by the plaintiff to act as his mother's agent, but rather that he in fact did act as her agent.

It was shown by the evidence that the mother had conveyed certain real estate to the plaintiff by warranty deed, such conveyance being absolute, and that some time later the plaintiff sold the property for $30,000 or $40,000, and that out of the proceeds of that sale he took $4,000 and turned it over to the defendant and this sum was included in the $8,000 note. It was the plaintiff's contention that he became the absolute owner of this real estate by virtue of the conveyance of his mother and that the proceeds of the sale of the property, which took place later, were his individual property and that the $4,000 which he turned over to his sister represented a loan from him personally to her and that the other amounts, which went to make up the total sum of $8,000, represented other advances which he had made to her individually, including a note for $2,500, which she had given her mother and which had become his individual property. The defendant contended the contrary, namely, that the sums which had been advanced to her represented loans from her mother made through her brother as agent, and that the note referred to had never become the property of the plaintiff; and further, that the conveyance of the real estate in question, although absolute on its face, was one by which the mother was placing the property in the plaintiff's hands as her agent, and that the proceeds of the ultimate sale of that property really belonged to her mother and that

the $4,000 turned over to her (the defendant) out of
the proceeds of this sale was a loan coming from her
mother, at whose direction the plaintiff had turned
the money over. When the issues were submitted to
the jury, the defendant asked the court to give cer-
tain instructions designated as B, C, D and E. It is
contended that the court erred in refusing these in-
structions. In our opinion this action of the court was
not error. Instruction B stated that the defendant
claimed that when the mother deeded the real estate
in question to the plaintiff, she was making the con-
veyance in trust for the defendant, and the instruction
was based on that theory. The record discloses no
such theory involved in the case, as we have pointed
out before. Instruction C was to the effect that by the
conveyance of the real estate in question, such estate
became the absolute property of the plaintiff as a mat-
ter of law and that he had a right to sell the same and
use the proceeds as he saw fit. This was an incorrect
statement of the law. There was an issue of agency
submitted to the jury for their determination and it
did not follow as a matter of law from the absolute
warranty deed that there was no question of agency
involved. Such an agency as was alleged by the de-
fendant could be established by parol evidence, and
there was sufficient evidence in the record to make up
an issue on that question. Instruction D was based on
the trust theory, which, as we have said, was in no
way involved in the case. Instruction E involved the
same propositions contained in instruction C, and the
court was correct in refusing it for the same reasons
we have referred to in connection with that instruction.

However, there are other reasons why this judg-
ment must be reversed. When the plaintiff presented
the note signed by the defendant and drawn to the
order of the plaintiff, there was established a presump-
tion that he was the owner of the note and entitled to

Feulner v. Gillam, 216 Ill. App. 85.

recover the amount it called for. The burden of proof was upon the defendant to establish the contention which she set up in her special pleas. While testifying in support of her contentions, the defendant was asked who owned the indebtedness evidenced by the note in suit. Objection was made to that question and objection was sustained. The next question was, ''Do you know who owned the indebtedness evidenced by the note?'' The answer was, ''My mother.'' The court then said, ''Answer yes or no. 'My mother' may be stricken out.'' The witness then answered, ''Yes, I know that my mother owned it. Isn't that right?'' Her counsel then asked her, ''Well, who did own it?'' Her answer was, ''My mother.'' Objection was again made, based upon the contention that the answer was purely a legal conclusion. The court overruled the objection and allowed the answer to stand. The first ruling of the court on this matter was correct and the last one was error. Ordinarily it may be said that a witness may testify that a certain person is the owner of a piece of commercial paper where it appears from the evidence that such fact is within the knowledge of the witness, and that in so testifying the witness is not giving an expression of an opinion from other facts in evidence, but when such fact is not within the knowledge of the witness and in so testifying the witness would be giving an expression of opinion from other facts in evidence, and when the fact of ownership is the very issue before the jury, for their determination, to permit a witness to answer such a question is a usurpation of the function of the jury, and that being the case here, such evidence was incompetent. *Dunlap v. Hearn,* 37 Miss. 475; *Nicolay v. Unger,* 80 N. Y. 54. In the last case cited, a witness was asked whether or not a certain bond had ever been sold to one of the parties. There were several questions of that import. The court held that objections to the questions were

properly sustained, "for the reason that an answer to each of them called for a construction which the witness would place upon the facts which took place, or his opinion in reference to the same. The witness had stated the facts within his knowledge, and the questions put called upon him, in the place of the jury, to determine what the contract was. The questions related to the main issue to be tried, whether there was a sale by the defendants to the plaintiffs. The witness had stated the conversation and the facts to which he had knowledge, and it was for the jury to draw the inference to be derived from his evidence. * * * It is entirely competent to prove under some circumstances, as a fact, what under others might be regarded as a mere conclusion of law and would be clearly inadmissible." The court proceeds to point out that in those cases holding that a question is proper where it involves a fact clearly within the knowledge of the witness and not the expression of opinion upon facts proven, the testimony does not present the transaction in dispute and involve the construction of facts in evidence, and the court says that "such evidence, when the whole issue in the case turns upon it, is incompetent." The court further says: "If the defendants could be allowed to testify directly that no sale was made, the plaintiff could be allowed, for the same reason, to swear that it was; it would leave it for the jury to determine the case upon these opinions of interested or partisan witnesses, and take from the province of the jury the duty of deciding (the issue of whether there was in fact a sale) from the facts shown." In *Sokel v. People*, 212 Ill. 238, a witness was permitted to testify that the defendant and another were married. Our Supreme Court held that this was error, saying: "The question whether the defendant married Esther Schocherts was the principal fact in issue which the jury were impaneled to try, and the

answer substituted the conclusion of the witness for the finding of the jury on that question. The question whether the parties were married was to be determined by the jury, from the evidence as to what was done in the way of entering into a marriage contract, and the ruling permitted the witness to usurp the province of the jury.'' In the case at bar the real issue before the jury for their decision, from all the facts in evidence, was whether the mother of the parties owned the note sued on, as the defendant contended, or whether the plaintiff owned it as he contended. On that issue it was proper to present to the jury all the facts available bearing on the question of who owned the note, but it was not competent to permit the defendant to testify that her mother owned it, just as it would have been incompetent to permit the plaintiff to testify that he owned it. Our attention has been called to the case of *Maginnis v. Hartford Fire Ins. Co.*, 160 Ill. App. 614, in which the plaintiff was seeking to recover under a policy of fire insurance for the loss of a quantity of ice, and one of the contentions of the defendant was that the insured, who was the plaintiff, was not the owner of the ice but that it belonged to the Lincoln Ice Company. The testimony disclosed the fact that the plaintiff had paid for the harvesting of the ice and that it was stored in a building belonging to her. The evidence also showed that the ice in dispute was shipped by the Lincoln Ice Company from the point of storage, to itself in Chicago, and it was also shown in the testimony that the capital stock of the Lincoln Ice Company was owned and controlled by the plaintiff. Over the objections of the defendant, two of the plaintiff's witnesses were allowed to answer questions as to who owned the ice in the ice house which had been destroyed, and both answered that it belonged to the plaintiff, who was their mother. The defendant contended that this answer involved a legal conclusion and

that therefore the question was improper, but this court held that in their opinion the answer did not involve a legal conclusion. There are other authorities to the same effect, holding similar questions proper, on the theory that they call for answers as to facts clearly within the knowledge of the witness and not for conclusions based upon the facts appearing in evidence. *Pichler v. Reese,* 171 N. Y. 577; *Davis v. Peck,* 54 Barb. (N. Y.) 431; *Caspar v. O'Brien,* 47 How. Pr. (N. Y.) 82; *Murphy v. Olberding,* 107 Iowa 548. We are of the opinion that in the case at bar the question of whether the plaintiff or his mother was the owner of the note in suit was a matter which did involve a legal conclusion from all the facts and circumstances in the case, and was not a matter which could be said to be clearly within the knowledge of Mrs. Gillam and, for that reason, it was error to permit her to testify that her mother owned the note.

The mother's will, which was admitted in evidence, contained a clause bequeathing to the defendant the $8,000 note involved in this suit, "with all that may be due thereon at the date of my death; the said note being payable to my said son, John Feulner, and in his possession, but the amount of said note is due to me from my said daughter, Anna Gillam, and the said note is only held by my said son as trustee." The plaintiff offered an instruction designated as instruction A. We are of the opinion that the court erred in refusing it. That instruction reads as follows: "The court instructs the jury that no statement contained in the will of Margretha Feulner in evidence is to be taken by the jury as evidence of the ownership by Margretha Feulner of the note in suit." On the question of the ownership of the note, which was the main issue for the jury to determine, the will was not admissible. Any statements by the mother in her will, to the effect that she was the owner of the note were self-serving declara-

tions. If in supporting the burden of the proof, which was hers on the issue of ownership, the defendant made out a prima facie case, the will could be admitted solely on the question of whether the note had been forgiven. Being admissible for that purpose and that purpose only, the court should have given the instruction offered, advising the jury to that effect, and its refusal was error. *Purdy v. People,* 140 Ill. 46.

Inasmuch as this case must be remanded for another trial by reason of the errors to which reference has been made, we refrain from passing upon the other errors alleged which go to the question of the sufficiency of the evidence to support the judgment and verdict.

For the reasons stated the judgment of the Superior Court is reversed and the cause is remanded to that court for a new trial.

*Reversed and remanded.*

MR. JUSTICE O'CONNOR specially concurring:

I concur in the conclusion reached that the judgment of the Superior Court be reversed and the cause remanded for the sole reason that the court refused to give the instruction limiting the will, which was admitted in evidence, to the question as to whether the note had been forgiven the defendant. But in my opinion, there was no error in permitting the defendant to testify over objection that the note in controversy belonged to her mother. 3 Wigmore on Evidence, sec. 1960; *Maginnis v. Hartford Fire Ins. Co.,* 160 Ill. App. 614; *Fisher v. Bennehoff,* 121 Ill. 426; *Pichler v. Reese,* 171 N. Y. 577; *Murphy v. Olberding,* 107 Iowa 547; *Hawley v. Bond,* 20 S. D. 215; *Webb v. Reynolds,* 160 S. W. (Tex. Civ. App.) 152.

Professor Wigmore in the section cited says: "When the issue then arises on the application of the law to the facts, and it is desired to prove that the conditions

or qualities named in the law do or do not exist, a direct question upon the point in issue is often forbidden by a strict application of the Opinion rule. It seems unfortunate that a term existing in common use among laymen should be tabooed because the law also has been obliged to use it. Among Pacific islanders, upon the death of a chieftain, certain words associated with his name were put under 'taboo'; they passed out of the language, and could thenceforth be used by no other member of the community. Are we to exemplify in our law of evidence this custom of primitive Polynesians? If a witness, in the course of his testimony, comes to mention that A 'possessed' or B 'owned' or C was 'agent,' let him not be made dumb under the law, and be compelled by evasion and circumlocutions to attain the simple object of expressing his natural thought. If there is a real dispute as to the net effect of the facts, these may be brought out in detail on cross-examination.

"The phases of this class of chief occurrence are the following: whether a person was in *possession;* whether a person was *owner;* whether there was a *sale* or passing of title; whether a person had authority as agent; whether there was a 'necessity' for a road, for infant's supplies, or the like, or a public 'utility' for a ditch or highway."

In the *Maginnis* case the action was brought to recover on an oral agreement of insurance on a stock of ice, of which the plaintiff claimed to be the owner. Two witnesses were allowed to testify for the plaintiff, over objection, that their mother owned the ice. It was held that the plaintiff was entitled to make prima facie proof of ownership in that way. The court there said (p. 615): "Two of the witnesses for the plaintiff were allowed to answer, over objection of defendant, the question as to who owned the ice in the ice house described, both of them answering that it belonged to

their mother. Appellant argued that this answer involved a legal conclusion and that, therefore, the question was improper. We do not so regard it. Both of the witnesses were fully cross-examined, and we think the plaintiff was entitled to make prima facie proof of her ownership in this way."

In the *Fisher* case it was said (p. 439): "No objection is perceived in asking the witness who was in possession of the land." In the *Pichler* case the controversy was as to who owned a quantity of harvested hops. There the plaintiff was permitted to testify over objection that the hops were hers, and it was held that this was entirely proper. In the *Murphy* case the Supreme Court of Iowa said (p. 548): "In response to a question from his counsel, defendant was permitted to state that the wire belonged to him. This is said to be a conclusion of the witness and, therefore, inadmissible. We have held that such conclusions are admissible; that the question calls for a fact as well as an opinion." In the *Hawley* case the question "who was then the owner of that cow" was held proper. In the *Webb* case it was held that the witness might testify that he was the owner of a note. Moreover, in the instant case to permit the witness to answer the question was certainly not prejudicial, as all of the facts were fully gone into on cross-examination, and in these circumstances under any rule of evidence, the judgment should not be disturbed. *Sokel v. People*, 212 Ill. 238.

MR. JUSTICE TAYLOR specially concurring:

I am strongly of the opinion that it was erroneous to allow the defendant to state as a matter of opinion who owned the note. That opinion evidently was based, in part, at least, on hearsay. It was obviously in part a legal conclusion; it involved all the jury were

called upon to decide; it was self-serving and at the same time, if false, perjury could not be shown.