## GAS BELT TORPEDO COMPANY *v.* WARD.
### [No. 6,643. Filed April 21, 1909.]

TRIAL.— *Instructions.— Burden of Proof.— Payment.— Accounts.— Sales.*—In an action on an account, there being evidence of the sale and delivery of goods, an instruction that the burden is on plaintiff to prove that the amount owing for such goods, or some part thereof, is due and unpaid, is erroneous, the burden of proving payment being upon defendant.

From Hancock Circuit Court; *Robert L. Mason,* Judge.

Action by the Gas Belt Torpedo Company against Edward C. Ward. From a judgment.for defendant, plaintiff appeals. *Reversed.*

*Arthur H. Jones, William W. Cook* and *Charles H. Cook,* for appellant.

*J. E. Hall* and *Elden A. Robb,* for appellee.

RABB, J.—This was an action on account, brought by appellant against the appellee. There was an answer of general denial and payment. The trial resulted in a verdict in favor of appellee. Appellant's motion for a new trial was overruled, and judgment rendered in favor of appellee on the verdict.

The overruling of appellant's motion for a new trial is assigned as error here.

The court, over appellant's objection and exception, instructed the jury as follows: "(10) The burden of proof as to the facts alleged in the complaint is upon the plaintiff, and, to entitle the plaintiff to recover in this action, it must prove them by a fair preponderance of all the evidence in

the cause; that is to say, the plaintiff must so prove: (1) That the plaintiff furnished to the defendant, at his request and direction, supplies in some amount; (2) that the amount owing the plaintiff therefor, or some part thereof, is due and unpaid; (3) that the same was due and payable prior to the bringing of this action.''

The giving of this instruction is assigned as one of the reasons for a new trial, and is pressed upon our consideration here as ground for a reversal. The evidence, as disclosed by the record, is of such character that, had a verdict in favor of the appellant been returned by the jury, it could not properly have been set aside for lack of evidence to sustain it, and the giving of this instruction was therefore clearly reversible error.

The appellee, not the appellant, had the burden of proving payment. *Clifford* v. *Smith* (1853), 4 Ind. 377; *Pattison* v. *Shaw* (1882), 82 Ind. 32; *Pierce* v. *Hower* (1895), 142 Ind. 626.

Judgment reversed, and a new trial ordered.