## S. S. Kresge Company *v.* Union Insurance Company of Indiana.

[No. 24,242.    Filed March 18, 1925.]

1.    TRIAL.—*Defendant has burden of proof of payment.*—In an action by an insurance company to recover premiums on insurance policies, where the defense of payment to plaintiff's agent was pleaded, the defendant had the burden of proof as to the defense pleaded.    p. 48.

2.    APPEAL.—*The admission of incompetent evidence is not reversible if the finding is sustained.*—An appellate tribunal will not reverse a judgment against the party having the burden of proof because of testimony to which the trial court failed to give credit, there being evidence sufficient to sustain the finding.    p. 48.

3.    APPEAL.—*A finding on conflicting evidence will not be disturbed.*—On appeal from an action by an insurance company for premiums unpaid, the defense being that the contract sued on was executed in another state in violation of a law thereof, and therefore void, a finding for the plaintiff will not be dis-

turbed where the evidence tending to establish the defense was oral and not given credit by the trial court.    p. 49.

From Marion Superior Court (A 13,690) ; *Linn D. Hay,* Judge.

Action by the Union Insurance Company of Indiana against the S. S. Kresge Company.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*Goodenough, Voorhies, Long &. Ryan* and *Frank C. Ayres,* for appellant.

*Charles E. Henderson* and *Charles Unger,* for appellee.

EWBANK, J.—Appellee sued to recover a premium of $17,500 on a plate glass insurance policy, together with certain charges for indorsements by which it was made to cover additional property.   The policy covered the plate glass in fifteen stores in Michigan, and 188 stores throughout this country, in thirty other states.   It was canceled three months after its renewal as to the stores in Michigan, and six months later, after this action was commenced, as to all the other property.   The trial court allowed credit for the time the policy would have had to run after such cancellations, and gave judgment against the defendant (appellant) for $13,840.59. Overruling the motion for a new trial is assigned as error, under which appellant insists that the finding is not sustained by the evidence and is contrary to law.

There was undisputed evidence that the policy was issued and the agreed premium for one year paid, that at the end of that time, the parties agreed that the renewal premium for another year should be $17,500, that a renewal certificate certifying that, in consideration of that amount of money, the plaintiff thereby continued the policy in force until a date named was issued to and accepted by defendant, that in response to notices and requests sent by defendant, the plaintiff paid

all losses which accrued under the policy while it continued in force, and that no part of the agreed premium of $17,500 for the second year had ever been received by plaintiff. And it is obvious that there was evidence from which the trial court might reasonably conclude that appellant owed the money for which judgment was rendered against it, if that evidence stood alone, or if all the evidence tending to prove affirmative defenses were to be disregarded.

But appellant pleaded, by way of an affirmative defense, that it had paid the premium to the Atkinson-Deacon-Elliott Company, of Detroit, Michigan, and that said company was plaintiff's duly authorized agent, empowered to collect and receive the premium in its behalf; and it alleged facts as to the method of dealing between plaintiff and defendant and said company, in the negotiation of the contract of insurance, the payment of the first premium, the negotiation of the renewal contract, the custom of companies writing insurance, and what was alleged to have been done in this case, tending to establish that the company was such duly authorized agent of plaintiff, and that plaintiff had given appellant the right to discharge its liability for the premium by paying the money to said company in Detroit. As to the defense of payment pleaded by this answer, appellant had the burden of proof. *Pierce* v. *Hower* (1895), 142 Ind. 626, 630, 42 N. E. 223; *Gas Belt Torpedo Co.* v. *Ward* (1909), 43 Ind. App. 537, 538, 87 N. E. 1110; Ewbank, Indiana Trial Evidence §586.

Much of the evidence relating to the issue of payment was oral, and there was a sharp conflict as to the relation of the Atkinson-Deacon-Elliott Company to the contract of insurance, and as to which party it represented and what authority it had. A witness for plaintiff testified that the contract of in-

S. S. Kresge Co. *v.* Union Ins. Co.—196 Ind. 46.

surance was made at Indianapolis, Indiana, that the Atkinson-Deacon-Elliott Company acted as agent for appellant in making it and in all subsequent dealings between the parties, and that, because of a statute in force in Michigan, the plaintiff declined to let that company represent it, and expressly told it that plaintiff could not have an agent in Michigan, and that if it acted in the matter at all, it could only be as agent for appellant. There was evidence to the contrary, from which (if given credit), the trial court might have inferred that said company was an agent authorized to receive and accept payment of the premium on plaintiff's behalf. But there was abundant evidence to support the finding which was made, and this court cannot disturb a finding against the party having the burden of proof because of testimony to which the trial court failed to give credit.

Appellant also pleaded by way of an affirmative defense that the contract sued on was made in the State of Michigan, in violation of a certain statute of that state which was recited in the pleading, and because of such violation was invalid. But, for reasons already stated, we cannot deem this defense established, when the evidence offered to support it was oral, and was not given credit by the trial court. There was also some evidence tending to prove that even if the Atkinson-Deacon-Elliott Company was an agent of the insured and not of the insurance company, the credit was given to the agent alone, and that the account sued on was only the debt of the agent and not of appellant. But there was much evidence to the contrary, from which the trial court had a right to conclude that the debt was an unpaid debt of the principal, against whom judgment was rendered.

The judgment is affirmed.