W. T. RAWLEIGH COMPANY *v.* SNIDER ET AL.

[No. 26,185. Filed February 26, 1935.]

*Wilmer T. Fox,* and *Walter V. Bulleit,* for appellant.
*Warren B. Allison,* for appellees.

FANSLER, C. J.—This was a suit by appellant against T. C. Wharton as principal, and Courtney S. Snider and Oma Lentz as sureties, on a contract, whereby the sureties guaranteed the payment of any balance due for goods previously sold, and payment for any goods sold during the year 1925, by appellant to T. C. Wharton. There was a trial by jury, and verdict and judgment in favor of appellant against appellee Wharton for $700.00, and judgment in favor of appellees Snider and Lentz.

Appellant assigns as error the overruling of its demurrer to the amended second paragraph of answer of appellees Snider and Lentz. By this paragraph it is alleged that the contract sued upon "was made and signed by them on Sunday, . . . and therefore as to them void." Appellant contends

that the paragraph is bad for failing to allege that the contract was either delivered to or accepted by appellant on Sunday. The allegation that the contract was made is equivalent to an allegation that it was executed, and the word "executed" includes delivery. It is further contended that this paragraph of answer does not deny that the contract was accepted in writing by appellant on January 12th, which was not Sunday, and therefore that it is not a sufficient allegation that it was executed on Sunday, and hence does not state a defense. We cannot concur in this view. We deem the answer a sufficient allegation that the contract was executed on Sunday, and not upon the day alleged in the complaint. It therefore states a defense, and the demurrer was properly overruled.

Error is assigned upon the overruling of appellant's demurrer to the amended third paragraph of answer of appellees Snider and Lentz. This paragraph of answer alleges that the contract or bond sued upon was procured by plaintiff from defendants by fraud and false representation in that, prior to the making of said contract, plaintiff falsely and fraudulently represented to defendants that appellee Wharton was not indebted to the plaintiff, and that the extent and limit of the credit which they would at any time extend to Wharton would not exceed the sum of $100.00; that defendants relied upon the truth of these representations and were deceived.

The complaint is based upon a written contract. It provides that, in consideration of appellant extending further credit to Wharton, the sureties unconditionally promise and guarantee the full and complete payment "of the balance due or owing said Seller for goods previously sold and delivered," and "the full and complete payment of all moneys due or owing or that may become due or owing." It is further provided that the

contract is conclusive, and that "any statement or representation made by any person as to the undertakings of the surety or sureties other than as herein expressed . . . shall in no wise affect the rights of the Company." The written contract must be treated as embodying all of the agreements of the parties, and one who signs such a contract is bound to know the extent of his liability thereunder, and is bound by the terms of the contract.

Appellees contend that the error in overruling the demurrer was harmless, since the court withdrew the answer from the consideration of the jury by instruction. This is true.

Error is assigned upon the overruling of appellant's demurrer to the second paragraph of answer of appellee Wharton. By this paragraph of answer appellee Wharton alleged that the goods delivered to him and sued for were delivered to him as agent for the plaintiff, and that he delivered the goods to prospective customers upon instructions from the plaintiff, and that they were not returned, and that he was therefore entitled to credit for the amount sued for. The contract sued on expressly provides that appellee Wharton is not the agent or representative of appellant for any purpose, and that the contract includes "and shall constitute the sole, only, and entire agreement between the parties hereto," and that it shall not be changed or modified except the modification shall first be specifically reduced to writing and signed by both parties. The answer in question does not rely upon any further written contract. Appellee says nothing in support of this answer, but contends that it purports to answer the entire complaint on the merits; that the jury found for appellant, and against appellee Wharton on the issue thus formed; and that, even though the answer was

bad, the ruling on demurrer is harmless. As we view the answer in its entirety, it attempted to assert agency upon the basis of instructions contained in certain literature sent to appellee by appellant, containing advice and suggestions as to sales of appellant's products. The principal contract provides, however, that "nothing contained in any of the aforesaid literature . . . shall be taken in any way to alter, modify, change or affect this agreement, and shall only be considered as educational and advisory; . . . it being mutually and fully understood and agreed that the Buyer is not an agent or representative of the Seller for any purpose." If we correctly interpret the theory of the answer, the demurrer should have been sustained.

Under the assignment that the court erred in overruling its motion for a new trial, appellant asserts that the verdict is not sustained by sufficient evidence. The evidence, however, is not in the record. The motion for new trial was overruled at the January term of court, and no time for filing a general bill of exceptions containing the evidence was asked for or granted. At the March term judgment was rendered, and sixty days' time granted to prepare and file a general bill of exceptions. The bill of exceptions containing the evidence was filed at the March term, and not at the January term when the motion for new trial was overruled. When a bill of exceptions is not filed at the same term at which a motion for new trial is overruled, and time was not granted beyond the term within which to file bill of exceptions, a bill filed after the term is not in the record, and the evidence is not before us. *Gray* v. *McLaughlin* (1921), 191 Ind. 190, 131 N. E. 518; *Flanagan* v. *State* (1922), 192 Ind. 662, 137 N. E. 179.

The assignment that the verdict of the jury is contrary to law, and that the amount of recovery against

appellee Wharton is too small, also involves a consideration of the evidence, which is not here.

Appellant complains of Instruction No. 1, which informed the jury that "the issues you are called upon to determine are formed by plaintiff's amended complaint or cause of action and the defendants' answers thereto," upon the ground that the instruction ignored the affirmative reply. The instruction, of course, should have referred to the reply, but it was referred to in other instructions, so that we cannot say that the omission prejudiced any of appellant's substantial rights.

Complaint is made of Instruction No. 11, which informed the jury that "if the contract sued on here was executed on Sunday it would be void and in that case you should find against the plaintiff and for the defendants." Appellant says: "While lawyers and judges may conclude from such an instruction that the word execute is used in the technical sense of signature, delivery and acceptance, it is certain that the jury had not such knowledge of the broad meaning of execute, and their verdict on the uncontradicted evidence shows they must have been misled." The instruction was technically correct, and if appellant desired an explanation or definition of the word "execute," it should have tendered such an instruction.

Error is assigned upon the refusal to give Instruction No. 7, requested by appellant. This instruction was to the effect that, defendants not having pleaded payment, plaintiff was not required to prove that the amount claimed was unpaid. It is conceded that the instruction was proper as to the principal defendant, but it is contended that, since the guarantors can only become liable upon default of the principal, as to them it is necessary that the plaintiff prove that the principal has not paid. Under our code

payment is construed as new matter, constituting a defense which must be affirmatively pleaded, and, if this is true as to the principal debtor, we can see no reason why it should not apply to the guarantors.

After the jury had retired to deliberate on their verdict, the court recalled them and read them the following instruction: "Gentlemen of the jury, it ▆▆▆▆ appears to the Court that there is no probability of all the members of this jury agreeing upon a verdict, and I now instruct you that when ten or more of you agree upon a verdict, let your foreman sign the verdict as the verdict of the jury." Appellant excepted to the giving of the instruction. The instruction was given pursuant to that part of chapter 12 of the Acts of 1929, which provides as follows:

> "The jury may be discharged by the court, on account of the sickness of a juror, or other accident or calamity requiring the discharge, or by consent of both parties, or after they have been kept together until it satisfactorily appears that there is no probability of their agreeing: Provided, That when it satisfactorily appears to the court that there is no probability of all members of the jury agreeing upon the verdict, the court may, upon its own motion, or upon the motion of either party, cause the jury to be conducted into court where the court may instruct the jury that when five-sixths or more of the jury have agreed upon a verdict, it must be reduced to writing, signed by the foreman, and returned into court; the foreman shall deliver the verdict, and either party may poll the jury. If more than two members of the jury dissent they shall again be sent out to deliberate."

It was said by this court in *Millers Nat. Ins. Co.* v. *American State Bank* (1934), 206 Ind. 511, 190 N. E. 433:

> "Section 20, art. 1, of the Constitution of Indiana, provides that: 'In all civil cases, the right of trial by jury shall remain inviolate.' It is well settled by our decisions that the Constitution of

Indiana must be interpreted in the light of the common law of England. Concerning our constitutional provision, this court said in the case of *Allen* v. *Anderson* (1877), 57 Ind. 388: 'This provision of the constitution was adopted in reference to the common-law right of trial by jury, as the language plainly imports, namely, that the right "shall *remain* inviolate," that is, *continue* as it was.' "

That the *common* law required that twelve jurors shall concur in a verdict, is so well settled as to require no citation of authority. It must follow that the provision of the above statute, which provides for a five-sixths' verdict, is unconstitutional. Appellees contend that the charge to the jury was not an instruction, but a direction. But we need not consider the distinction. The statute contemplates an instruction. The charge was in writing, and contained the language "I now instruct you." An instruction to the jury as to the manner in which they shall decide the issues, involves the merits of the case. The exception was sufficient and properly taken. It is contended that, although appellant was present when the verdict was returned, appellant made no objection, and the jury was not polled. The instruction was erroneous. It was excepted to, and another objection at the time the verdict was returned is not required. It will be presumed that the jury followed the court's direction. Appellant was not required to poll the jury to determine whether the court's direction was followed. The statute requires that, before giving the instruction, it must satisfactorily appear to the court that there is no probability of all the jurors agreeing upon a verdict. The court's determination on that question must be assumed to have been correct, and we must conclude that the verdict was returned by a five-sixths' vote of the jurors. This was error prejudicial to appellant's substantial and constitutional rights.

Judgment reversed with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.