SCHEMBRI *v.* SHEARER

[No. 26,338. Filed March 14, 1935.]

*James A. Collins, A. J. Rucker,* and *David M. Lewis,* for appellant.

*Warren W. Barnett,* for appellee.

FANSLER, C. J.—Appellant brought this action below for damages growing out of personal injuries. After the jury had retired and deliberated for several hours, it reported to the court that it was unable to agree upon a verdict. The court thereupon instructed the jury that when five-sixths or more of the jurors could agree upon a verdict, such verdict should be reduced to writing and returned as the verdict of the jury. The jury returned a verdict, which read:

"We the jury find for the defendant, 10-2.

John Quigley

Foreman."

The court directed the jury to return a verdict without indicating the vote of the jury, which was done. Appellant polled the jury, and two of the jurors answered that it was not their verdict.

Appellant sought to save the question of error in the giving of the instruction and the returning of the verdict in numerous ways. Appellee concedes that appellant's 9th, 13th, and 14th grounds for a new trial proceed upon the theory that the court violated appellant's rights by instructing the jury as indicated. That appellant was entitled to a verdict concurred in by all of the jurors is settled by the decision in *Rawleigh Company* v. *Snider et al.* (1935), 207 Ind. 686, 194 N. E. 356. Appellee contends, however, that in effect appellant is attacking the validity of a statute; that in the absence of a clear showing the statute will be held constitutional; that no statute is pointed out as being unconstitutional; that the statute itself is not referred to. But the question does not depend upon whether or not a statute is constitutional. With or without a

statute authorizing it, an instruction directing a jury to return a five-sixths' verdict violates the Constitution and deprives appellant of rights guaranteed by the Constitution. Appellant points to section 20, article 1, of the Constitution, which provides that, in all civil cases, "the right of trial by jury shall remain inviolate," as requiring that a verdict of the jury must be concurred in by twelve jurors. The provisions of the bill of rights will be enforced independent of statutory enactments. The instruction was prejudicial to appellant's constitutional rights. It was so in the absence of statutory authority for giving it, and it is so notwithstanding a statute authorizing it. If the statute were relied upon by appellee as authorizing the giving of the instruction, it would be held not to justify it.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.