## COCA-COLA BOTTLING WORKS v. HARVEY.

[No. 26,316. Filed December 19, 1935.]

*Gavit, Hall, Smith & Gavit,* for appellant.

*Milton J. Fagan, Robert H. Moore, Harry Long* and *Roswell B. Johnson,* for appellee.

TREMAIN, J.—This was an action for damages by appellee against appellant upon a claim that, through the appellant's negligence, she had suffered personal injuries. The issues were closed by an answer in general denial. The cause was submitted to a jury for trial. After it had deliberated upon a verdict for ten hours, the jury reported to the court their inability to agree. The court determined that there was no probability of all the members of the jury agreeing, and on its own motion, caused the jury to be conducted into open court, and instructed it that when five-sixths or more of the jury have agreed upon a verdict, it should be reduced to writing, signed by the foreman, and returned to the court, to which instruction appellant duly objected and excepted. The jury retired for further deliberation, and thereafter returned the following verdict:

"We, the jury, find for the plaintiff, and assess her damages at the sum of $1,000.00 Dollars."

The court polled the jury and ten members assented to the verdict and two dissented. Appellant objected to the receipt of the verdict by the court, which objection was overruled, and the verdict was received. Judgment was rendered upon the verdict. The correctness of the court's action in giving said instruction is presented to this court as a ground for reversal.

The five-sixths verdict instruction was given by the court pursuant to Chapter 12, Acts of the General Assembly of 1929, p. 24 (§2-2018, Burns 1933).

Appellant contends that the Act is unconstitutional and is in violation of Section 20 of the Bill of Rights of the State Constitution, which provides that:

"In all civil cases the right of trial by jury shall remain inviolate."

It is well settled that this provision of the Constitution was adopted in reference to the common-law right of trial by jury. The phrase "shall remain inviolate" means "continue as it was at common law." A jury at common law consisted of twelve men.

The above statute has been held unconstitutional so recently that further consideration is unnecessary. See: *W. T. Rawleigh Co.* v. *Snider* (1935), 207 Ind. 686, 194 N. E. 356; *Schembri* v. *Shearer*, 208 Ind. 97, 194 N. E. 615; and *Ewing* v. *Duncan, ante* 33, 197 N. E. 901.

For additional authorities upon the subject see: 35 C. J. 234; *First National Bank* v. *Foster* (1900), 9 Wyo. 157, 61 Pac. 466, 54 L. R. A. 549; *Lommen* v. *Minneapolis, etc., Co.* (1896), 65 Minn. 196, 68 N. W. 53; *Jackson* v. *Coats* (1897), (Tex.), 43 S. W. 24; *Harris* v. *People* (1889), 128 Ill. 585, 21 N. E. 563; *Am. Publ. Co.* v. *Fisher* (1897), 166 U. S. 464, 17 S. Ct. Rep. 618, 41 L. Ed. 1079; *Carroll* v. *Byers* (1894), 4 Ariz. 158, 36 Pac.

499; *Kleinschmidt* v. *Dumphey* (1869), 1 Mont. 118; *Allen* v. *Anderson* (1877), 57 Ind. 388; *Flatter* v. *State* (1914), 182 Ind. 514, 107 N. E. 9; *Brown* v. *State* (1861), 16 Ind. 496; *Vandalia Coal Co.* v. *Lawson* (1909), 43 Ind. App. 226, 87 N. E. 47.

The court erred in giving the instruction. Other questions of minor importance are assigned as grounds for reversal, but it is considered unnecessary to discuss them in this opinion. It is not likely that they will occur upon another trial.

The judgment is reversed with instructions to the trial court to sustain the appellant's motion for a new trial.