NEW YORK CENTRAL RAILROAD COMPANY *v.*
HAZELBAKER.

[No. 14,985. Filed January 31, 1936.]

*Warner, Clark & Warner, H. N. Quigley* and *Samuel W. Baxter,* for appellant.

*Clarence E. Benadum* and *Charles E. Cox,* for appellee.

CURTIS, C. J.—This was an action for damages brought by the appellee, Mary Hazelbaker, against the appellant, The New York Central Railroad Company, upon her complaint alleging that through the appellant's negligence she suffered personal injuries.

The cause originated in the Delaware Circuit Court. Appellee filed an amended complaint, to which the appellant filed a demurrer which was overruled and later an answer. The cause was then submitted to a jury, resulting in a verdict for $3,000.00 for the appellee against the appellant, upon which the court rendered judgment.

The appellant filed its motion for a new trial, which was overruled. The errors assigned and relied upon by the appellant for reversal are as follows:

"(1) The court erred in overruling the appellant's motion for a new trial."

Appellant relies upon each of the following causes in said motion:

"a. (2) The verdict of the jury is contrary to law.

"b. (3) The verdict of the jury is not sustained by sufficient evidence.

"c. (4) The court erred in giving to the jury each of the instructions numbered 32, 37, and 38 which were given to the jury by the court on its own motion, separately and severally."

We will now take up the first cause or ground of the motion for a new trial—that the verdict of the jury is contrary to law. The record as pointed out by the appellant discloses that the jury being unable to agree upon a verdict the court instructed them that they may bring in a five-sixths verdict. This instruction evidently was given by the court pursuant to Chapter 12, Acts of the General Assembly of 1929, p. 24, §1 (section 2-2018, Burns 1933, §351, Baldwin's 1934). The jury's verdict was eleven to one. The above statute permitting a verdict by less than the entire jury has been held unconstitutional recently by the Supreme Court of this State. See *W. T. Rawleigh Co.* v. *Snider* (1935), 207 Ind. 686, 194 N. E. 356; *Schembri* v. *Shearer* (1935), 208 Ind. 97, 194 N. E. 615.

Irrespective of the statute above mentioned, it was error of the court to instruct the jury that a verdict could be returned by less than the whole of the jury. Such an instruction was violative of the constitutional rights of the appellant and no statute could confer upon the trial judge the right to give such an instruction.

Since we must hold that the verdict is contrary to law because it is a verdict by less than the entire jury, we deem it unnecessary to discuss the other alleged errors.

The judgment is reversed, with instructions to the trial court to sustain appellant's motion for a new trial. Judgment reversed.