### In re Gockel's Estate, Gockel *v.* Gockel, Administratrix

[No. 15,322. Filed March 3, 1937. Rehearing denied June 16, 1937.]

*Owen S. Boling, Rudolph J. Roller,* and *William M. Turner,* for appellant.

*Claycomb & Stump,* and *Anne L. Fink,* for appellee.

LAYMON, J.—Appellant filed her claim against the estate of which she is the legal representative for services alleged to have been rendered the decedent during her last sickness which extended over a period of several years. On account of claimant being the legal representative of the estate and pursuant to the statute, the court appointed attorneys to represent the estate. There was a trial by the court without the intervention of a jury, resulting in a finding and judgment against the claimant and for the estate. Claimant filed a motion for a new trial, which motion was overruled, and this appeal was perfected. The sole error assigned and relied upon for reversal is the overruling of appellant's motion for a new trial. The causes specified in this motion and properly presented are: (1) that the decision of the court is not sustained by sufficient evidence; (2) that the decision of the court is contrary to law; and (3) that the court erred in the admission of certain evidence.

Appellant concedes the rule to be that this court will not weigh the evidence, but contends that the undisputed evidence as shown by the record in the case is such as to make the question one of law; that the undisputed evidence shows that appellant rendered services to decedent of such nature and character and under such circumstances, as the law will imply a contract to pay therefor. It is not contended in this case that any express contract for services was ever made. If a right to an allowance for services exists, it must rest upon an implied contract. We do not deem it necessary to set out in detail the evidence which was presented to the trial court.

In the case of *Wainwright Trust Co., Admr.* v. *Kinder* (1918), 69 Ind. App. 88, 96, 120 N. E. 419, the court said: "As already indicated, appellee relies wholly upon an implied contract. To warrant the finding of such

contract, the elements of intention to pay on the one hand and expectation of compensation on the other must be found to exist; but such elements, like other ultimate facts, may be inferred from the relation and situation of the parties, the nature and character of the services rendered, and any other facts or circumstances which may reasonably be said to throw any light upon the question at issue."

In the instant case the evidence that appellant performed some of the services for which she seeks compensation is not controverted. Evidence was submitted to the trial court showing the situation of the parties, their conduct toward each other and their relation to each other as bearing upon the question of whether such services were rendered gratuitously or with the expectation of pay. This evidence was conflicting, and the court, having heard the evidence, found against the appellant. We are not permitted to disturb its finding.

There was also evidence submitted by the appellee that appellant's claim had been paid. This evidence was, to a large degree, circumstantial. Appellant contends that the evidence fails to establish payment of her claim. Payment being a matter of defense, and in view of our conclusion that the evidence offered to establish liability on the part of the estate was conflicting and that we can not disturb the finding of the court, we deem it immaterial to decide the latter contention.

Appellant complains of error in the admission in evidence of appellee's Exhibits A, B, and C, consisting of certain deeds conveying real estate from the decedent to the appellant and her husband. There was no error committed in admitting these exhibits in evidence, for if they were not pertinent to

the question of payment they were material upon the subject of the existence of an implied contract.

The motion for a new trial was correctly overruled.

Judgment affirmed.

Kime, J. not participating.