WINSTON ET AL. *v.* KIRKPATRICK.

[No. 16,670.  Filed October 23, 1941.  Rehearing denied December 5, 1941.  Transfer denied December 30, 1941.]

*Howard E. Barrett,* of Rushville, *Samuel D. Jackson,* Attorney General, and *Walter O. Lewis,* Deputy Attorney General, for appellants.

*Chauncey W. Duncan,* of Rushville, for appellee.

STEVENSON, J.—This is an appeal from a judgment in favor of the appellee on a claim filed by the appellee against the estate of Mary Blackall, deceased, for services rendered decedent during her lifetime.

After the claim was disallowed by the appellant, it was transferred to the civil docket for trial, and before trial the State of Indiana petitioned for leave to intervene and defend against this claim. The petition to intervene was predicated upon the fact that the decedent died intestate, leaving no heirs, and the balance remaining in her estate, after the payment of debts, was the property of the State. The petition to intervene was granted, and the State of Indiana was made a party.

The claim, as filed by the appellee, was for the amount of $2,159.00, and covered the following items: (1) Room rent from August 1, 1925, to March 15, 1937, $1,505.00; (2) care and nursing during illness in 1925, $100.00; (3) care and nursing during illness in 1936, $48.00; (4) money borrowed, $6.00; (5) board and care, washing and ironing, from August 1, 1925, to March 15, 1937, $500.00.

On this claim, the case was submitted for trial, and the jury returned a verdict in favor of the plaintiff, in the sum of $1,800.00. Judgment was rendered upon this verdict. A motion for new trial was filed and overruled, and this appeal has been perfected. The only

error assigned on appeal is the alleged error in over-ruling appellants' motion for a new trial.

Under this assignment of error, the appellants first contend that there was error in the assessment of the amount of recovery, the same being too large. The appellants contend that the evidence dis-closes that the decedent was not at the claim-ant's home during all of the period for which room rent is charged. The appellants, accordingly, insist that the jury was not justified in assessing a recovery for periods of time not actually spent in the claimant's home. On this proposition, we deem it sufficient to say that there is evidence in the record to the effect that the claimant furnished to the appellant's decedent a modern room which was occupied by her at will, and reserved for her, and available for her, at all times, during the period covered by the claim. Under such facts, we cannot say that the jury was not warranted in allowing the claim for rent covering this period.

The appellants next contend that the burden of prov-ing that the claim was wholly unpaid rested upon the claimant, and that there is a total failure of proof on this subject. While it is true that our statute requires that all claims filed against a decedent's estate "shall be accompanied by the affidavit of the claimant, his agent or attorney, that the claim, after deducting all credits, set-offs and deductions to which the estate is entitled, is justly due and wholly unpaid, . . ." (§ 6-1001, Burns' 1933), yet, this fact does not require that there should be positive testimony in the record that the claim is wholly unpaid. Claims against the estate of a decedent stand for trial as ordi-nary civil actions, and the rules of procedure governing the trial of civil cases apply. § 6-1016, Burns' 1933. Under such rules, the burden of proving payment of

the claim sued upon was on the appellants. *In re Gockel's Estate, Gockel* v. *Gockel, Admx.* (1937), 103 Ind. App. 541, 6 N. E. (2d) 730. The appellee in establishing her claim was not required to prove that such obligation has not been paid. *Gas Belt Torpedo Co.* v. *Ward* (1909), 43 Ind. App. 537, 87 N. E. 1110; *W. T. Rawleigh Co.* v. *Snider* (1935), 207 Ind. 686, 194 N. E. 356.

The appellants do not deny that the appellee performed some of the services for which she seeks compensation, but contend that they were not rendered under conditions such as created an obligation to pay therefor. Whether these services were gratuitously rendered or were rendered under an express or implied contract for pay were questions for the jury. The appellants contend, however, that there is no evidence from which either an express or implied contract may be inferred. As was said by this court: " 'To warrant the finding of such contract, the elements of intention to pay on the one hand and expectation of compensation on the other must be found to exist; but such elements, like other ultimate facts, may be inferred from the relation and situation of the parties, the nature and character of the services rendered and any other facts and circumstances which may reasonably be said to throw any light upon the question.' " *King, Admr.* v. *Arnot* (1928), 88 Ind. App. 138, 143, 161 N. E. 571.

The evidence discloses that the appellee was not related to the deceased, Mary Blackall. It further shows that Mary Blackall came to the appellee's home in 1925, and took a room in the appellee's home, which she occupied from time to time, and always claimed as her room until she died. On at least two occasions, she was sick for many weeks at the home of the appellee, during which times the appellee nursed and cared

for her, provided for her comfort, and rendered her all needed service.

There is further evidence in the record that the deceased made statements to the effect that she wanted the appellee well paid for the services she had rendered her, and that she was going to make a will so that she would be well paid for what she had don? for her. The law is well settled in this State that: "Where the services are performed by one not a member of recipient's family, an agreement to pay may be implied from the mutual relations, the situation and conduct of the parties, and from the nature and character of the services rendered." *Richmire, Admr.* v. *Deardurff* (1927), 86 Ind. App. 31, 32, 155 N. E. 720.

In the light of these circumstances, the jury was warranted in concluding that at the time the decedent went into appellee's home and took a room there, she intended to pay and appellee intended to receive pay for such service as might be rendered. There is no evidence from which the jury might reasonably infer that this obligation has been paid.

The appellants contend further that payment for part of such services so rendered is barred by the statute of limitations. It is the theory of the appellants that, because the services rendered were not rendered continuously but rendered at different times covering different periods, they were not, therefore, continuous services. A similar question was before this court in the case of *Weesner, Admr.* v. *Weesner* (1919), 71 Ind. App. 237, 240, 124 N. E. 710. In that case, this court said:

> "The test of 'continuity,' so as to take the case out of the operation of the statute, seems not to depend so much upon continuous day-by-day performance, but rather is to be determined by the answers to the following questions: Were all the

services performed under one contract, whether express or implied, with no definite time fixed for payment, or were they rendered under several separate contracts? In *Crampton* v. *Logan, supra,* it was said: 'Where no certain time is fixed for payment, or when the contract shall end, or where, as in this case, the evidence tends to support the theory that compensation was to be made to appellee at the death of Knight, if not before, the contract, whether express or implied, should be considered and treated as a continuous one, and the statute of limitations would not begin to run until the services were ended.' "

See also *Knight, Administrator* v. *Knight* (1892), 6 Ind. App. 268, 33 N. E. 456.

There is evidence that the decedent claimed the appellee's home as her home during the entire time covered by this claim. She kept clothes and personal effects in her room at the appellee's home during all this period. There is evidence that it was her intention to pay for this service by will, if not otherwise.

Under such evidence, we cannot say, as a matter of law, that the services rendered by the appellee should not be treated as continuous. The statute of limitations did not begin to run, therefore, until the services were ended. In any event, whether a part of these services were barred by the statute of limitations was a question properly submitted to the jury for its determination. The court properly instructed it on this question, and this court cannot now say that its verdict was not supported by the evidence.

The appellants complain of the giving of many instructions. The objections addressed to these instructions are generally; that they assume certain facts not supported by the evidence; or, that they are not sufficiently broad in scope to cover all contingencies. The appellants tendered no instructions to the court with a request that they be given,

and hence is not in a position to now urge that instructions, as given by the court, were not sufficiently complete. Without setting out the instructions verbatim, we deem it sufficient to say that we have read the instructions, as given by the court, in their entirety, and we believe them, when so considered, to fairly present the law applicable to the issues and the evidence in this case.

The trial court, accordingly, committed no error in overruling appellants' motion for a new trial. Finding no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

NOTE.—Reported in 37 N. E. (2d) 18.