HOLMES, EXECUTOR, ETC. *v.* HOLMES.

[No. 20,132. Filed December 14, 1965.]

*Grace M. Curry, Tony Foster* and *Bingham, Summers & Spilman,* of Indianapolis, and *Robert L. Milford* and *Milford and Milford,* of Marion, for appellant.

*L. Hewitt Carpenter* and *James A. McKown,* of Marion, for appellee.

PRIME, C. J.—This is an action on a claim filed by the appellee, Nina Pauline Holmes, against the estate of Johnas H. Holmes, deceased, for services rendered the deceased from May 26, 1955, to July 20, 1961, the date of decedent's death.

The issues were formed by the appellee's claim which was properly filed and alleged that the estate was indebted to the appellee in the amount of $16,000.00, less a credit of $500.00, leaving a balance of $15,500.00, which sum was alleged to be due and unpaid. The claim set out housekeeping duties, care of property owned by the decedent, collection of rentals, bookkeeping, personal nursing of decedent and general care and attendance to the wants and needs of the decedent for the period of time set out.

The claim was transferred to the Civil Docket of the trial court and the appellant filed an answer in two paragraphs:

a. General denial of each material allegation in the claim.

b. Alleging that the appellant and appellee had entered into a contract wherein the appellee had released any and all claims and right to share in the estate of decedent. A copy of the contract was filed with the paragraph of answer.

Appellee filed reply denying the allegations of Paragraph II of the appellant's answer.

Trial was had without the intervention of a jury and the court found for the appellee, Nina Holmes.

Judgment was as follows:

"On the evidence heretofore entered the court finds for the claimant that the allegations of said claim are true and that the claimant is entitled to recover on said claim against the defendant in the sum of $7500.00."

This appeal was then taken by the appellant, assigning as sole error the overruling of appellant's motion for a new trial.

The motion asserted the following grounds:
1. That the amount of recovery was too large.
2. The decision of the court was not sustained by sufficient evidence.
3. The decision of the court was contrary to law.
4. The admission of certain evidence, over objection, of the value of services rendered.

A concise review of the facts of this case are as follows:

The decedent, Johnas H. Holmes, and Nina Pauline Holmes, the claimant and appellee herein, were married in 1948. They lived as husband and wife until 1951 when they were divorced. In 1953, the decedent asked the appellee to come back to his home and take care of him and help manage his affairs. This was agreed to. At this time a written agreement or contract was executed by both parties. This was the contract set out in the appellant's answer. Since an interpretation of this contract is necessary to the outcome of this appeal, we here set out the pertinent parts:

"Whereas, Johnas H. Holmes, an unmarried man and over the age of twenty-one years, is desirous and in need of obtaining a housekeeper;

"Whereas, Nina P. Holmes, an unmarried woman, over the age of twenty-one years, without legal disqualifications, and the former wife of Johnas H. Holmes until legally divorced in the Grant Superior Court, Grant County, Indiana, is desirous of being the housekeeper of Johnas H. Holmes for a consideration to be determined by and between the parties;

"And Whereas, it is the specific intent of both of the parties hereto that under no circumstances is the said Nina P. Holmes to be considered the common-law wife of Johnas H. Holmes or to share in his estate in any way unless specifically provided for in the Last Will and Testament of Johnas H. Holmes:

"IT IS THEREFORE mutually promised and agreed by and between the parties hereto for a valuable consideration receipt of which is hereby acknowledged as follows, to-wit:

"1. That as long as it is mutually agreeable between the parties Nina P. Holmes shall be permitted to live in and keep the house of Johnas H. Holmes for a valuable consideration to be determined by the parties and paid in full each and every week by Johnas H. Holmes.

"2. That Nina P. Holmes hereby contracts away and releases any and all claims, causes of action, or rights she may have to share in the estate of Johnas H. Holmes other than any that may be specifically provided for in the Last Will and Testament of Johnas H. Holmes.

"3. And that, this agreement shall be equally binding on our heirs, administrators, executors and successors of the parties hereto.

"IN WITNESS WHEREOF, . . ."

The decedent and appellee lived in the same household for a short time and then the appellee left again and the parties terminated their relationship.

In May, 1955, the decedent again asked the appellee to return to his home. At this time, Nina Holmes was about 71 years of age and Johnas Holmes was about 67. He had three children living. The appellee returned and remained for 6 years until the death of Mr. Holmes. They never remarried or held themselves out to be husband and wife.

The appellant here does not dispute the fact that the

appellee rendered the services set out in her claim. The record is replete with evidence to support the allegations of the claim and the appellant admits as much. The appellant also admits that the record contains numerous expressions of the decedent that the appellee would be taken care of. It is also conceded that our courts have allowed recovery upon evidence that services were rendered, as in this case, and that under the law of implied contracts a claimant is entitled to recover.

However, the appellant contends that the case at bar is not one within the class of implied contracts. It is urged that there is evidence of express declarations and a contract of release executed by the appellee herein. The appellant urges that under the claimant's express agreement and intent, the court cannot ignore such evidence and imply such fact to the contrary and allow recovery.

This court shall not ignore such evidence, but we must examine more closely the contract between the parties to determine if it is evidence that resolves this case.

The part of the contract we must be particularly concerned with is as follows:

"1. That as long as it is mutually agreeable between the parties, Nina P. Holmes shall be permitted to live in and keep the house of Johnas H. Holmes for a valuable consideration to be determined by the parties and paid in full each week by Johnas H. Holmes."

We believe the above language is clear that the appellee was to receive compensation for her service. There is evidence that no compensation was paid during the lifetime of the decedent and the only thing she received was a bequest of $500.00 in the will of the decedent.

Moreover, the contract was made in 1953 and the relationship of the parties was ended shortly thereafter. Later in 1955, the appellee returned to the home of the decedent and served him for over 6 more years. Can we say that the agreement made in 1953 was good

for all time? Two parties can enter into a contract and by mutual agreement terminate the same and enter into a new agreement.

The appellant urges that the contract was a release of all possible claims of any kind which might be made by the appellee against the decedent or his estate any time in the future.

The contract reads in part:

> "And Whereas, it is the specific intent of both of the parties hereto that under no circumstances is the said Nina P. Holmes to be considered the common-law wife of Johnas H. Holmes or to *share in his estate* in any way unless specifically provided for in the Last Will and Testament of Johnas H. Holmes:" (Emphasis added)
>
> "2. That Nina P. Holmes hereby contracts away and releases any and all claims, causes of action, or rights she may have to share in the estate of Johnas H. Holmes . . ."

We think it necessary to distinguish between a claim for services against an estate and a share in an estate.

"Share"—Webster's Unabridged Dictionary:

> n.  A certain quantity, a portion, a part, a division.
>
> v. t. 1.  To divide and distribute in portions; to apportion, to divide as to share ones estate between one's heirs.

As pointed out by appellee, it would have been unsafe for her to have loaned any money to the decedent because she would have been precluded from making a demand for repayment from the estate.

If we hold that the contract was not binding for such a time in the future, we are then in a position to determine if the appellee had a legitimate claim.

The law is clear that "[w]here the services are performed by one not a member of recipient's family, an agreement to

pay may be implied from the mutual relations, the situation and conduct of the parties, and from the nature and character of the services rendered." *Winston* v. *Kirkpatrick* (1941), 110 Ind. App. 183, 189, 37 N. E. 2d 18; *Richmire, Admr.* v. *Deardurff* (1927), 86 Ind. App. 31, 32, 155 N. E. 720; *Moslander* v. *Moslander's Estate* (1941), 110 Ind. App. 122, 38 N. E. 2d 268.

A judgment in favor of a claimant must rest upon contract, expressed or implied, and not upon moral, ethical or equitable basis. There must be intention to pay and expectation of payment. *Winston* v. *Kirkpatrick, supra; Hans* v. *Hollowell* (1938), 104 Ind. App. 602, 12 N. E. 2d 364.

Appellant contends that the evidence does not meet the standards of proof and that the judgment is not sustained by sufficient evidence. The weight of the evidence is for the trial court, not the reviewing court to determine. *First Bank & Tr. Co., etc., Extr.* v. *Tellson* (1954), 124 Ind. App. 478, 118 N. E. 2d 496; *Isenhour* v. *Speece, Admr. et al.* (1958), 238 Ind. 293, 150 N. E. 2d 749.

The trial court made a determination of this one principal question: Was the contract executed by the decedent and the appellee in 1953 still in effect when Nina Holmes returned to the home and employ of Johnas Holmes in 1955? The trial court held that it was not. This court will not disturb a verdict as being contrary to law except where the evidence is without conflict and leads to but one reasonable conclusion and the court has reached a contrary decision. *Hinds, Executor, Etc., et al.* v. *McNair* (1956), 235 Ind. 34, 129 N. E. 2d 553.

The appellant urges that the award is too large. The appellee worked for the decedent from May 1955 to July 1961. This is 74 months or 300 weeks. For the duties performed and on a 24 hour per day basis, the amount is modest and the judgment will not be disturbed on such ground.

The appellant urges and argues cogently that the appellee did not expect to be paid and bases the argument on the following testimony given by one of the appellee's witnesses:

"When he had surgery on 624 South Boots Street, he told my husband and I (me) there then because she had taken such good care of him what he should do (w)as to make the properties all out to Nina. . . ."

According to the witness, appellee responded as follows:

". . . And she told him no because he had three children."

We cannot see that the above statement on the part of the appellee could be interpreted to mean that she intended to release for all time any compensation for services.

Finding no reversible error, the judgment of the trial court is affirmed.

Carson and Wickens, JJ. concur. Faulconer, J., not participating.

NOTE.—Reported in 212 N. E. 2d 414.