LEWIS G. HITT, Executor, etc., Respondent, v. ELIZABETH HITT, Appellant.

St. Louis Court of Appeals, October 24, 1910.

1. EVIDENCE: Self-Serving Declarations: Hearsay: Recitals in Wills. In an action on a note by an executor against testator's widow, testator's will, reciting that defendant owed the note, was inadmissible on behalf of plaintiff, except to show plaintiff's right to sue as executor, because it was in the nature of a self-serving declaration and hearsay.

2. ———: Hearsay. The substance of the rule against hearsay is, that it inhibits evidence not given under the sanctity of an oath and not affording an opportunity for cross-examination by the adverse party.

3. ———: Not Competent for All Purposes: Failure to Ask Limiting Instruction. Where a document admitted in evidence over objection is competent for any purpose, the judgment will not be reversed for error in admitting it, unless the court has refused thereafter to exclude its irrelevant and incompetent parts or limit its effect by instruction, and the failure to ask a limiting instruction is a waiver of the right to complain.

4. **TRIAL PRACTICE:** Demurrer to Evidence: Introducing Evidence After Demurrer Overruled. By introducing evidence after the refusal of the court to direct a verdict, defendant takes the risk of supplying deficiencies in plaintiff's case by his own proof.

5. **BILLS AND NOTES:** Action on Note: Sufficiency of Evidence. Where, in an action on a note by the executor against testator's widow, plaintiff failed to prove the execution of the note, but defendant offered her son to testify in her behalf, who stated that she owed the note to deceased, that it was for $730, and bore eight per cent interest, but that it had been surrendered to her for cancellation in consideration of her joining her husband in a conveyance of real estate, releasing her dower, the evidence was sufficient to sustain a verdict for plaintiff; the jury being entitled to believe such evidence as to the indebtedness and to disbelieve it as to the alleged payment.

6. **EVIDENCE:** Witnesses: Credibility for Jury, Although Testimony is Undisputed: Right of Jury to Believe Part and Disregard Part of Testimony. The credibility of the witnesses and the weight and value of the testimony are for the jury, even though the testimony be not contradicted by that presented by the adverse party, and it is within the province of the jury to believe part and disregard part of a witness' testimony.

7. **APPELLATE PRACTICE:** Conclusiveness of Verdict. Though the verdict is not what the appellate court would be inclined to give, if the cause of action relied on is sustained by portions of the evidence, to which the jury appears to have accorded credit, the appellate court will not set aside the verdict, unless it is obvious the jury acted arbitrarily or were actuated by passion or prejudice.

Appeal from Cape Girardeau Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*M. A. Dempsey* for appellant.

(1) If the objection of defendant to the admissibility of the will had been sustained and its ex parte statements excluded, there would have remained absolutely no evidence of the execution or existence of any note or indebtedness and the demurrer to the evidence

would necesarily have been sustained. (2) Statements or declarations not made in the presence of or authorized by the party to be affected are hearsay unless they are such as constitute parts of the res gestae. Coole v. McDaniel, 33 Mo. 363; Fougue v. Burgess, 71 Mo. 389; Dunn v. Altman, 50 Mo. App. 231; Arnold v. Jewett, 125 Mo. 241; State v. McGuire, 113 Mo. 670; Schubaume v. Schenine, 157 Mo. 1; State v. McCay, 111 Mo. 517; Evans v. Greene, 21 Mo. 170; State v. Prushon, 124 Mo. 448; Perry v. Siler, 37 Mo. 273; Hannibal v. Richardson, 35 Mo. App. 15; Morris v. Parry, 110 Mo. App. 675; Brownell v. Railroad, 47 Mo. 244; State v. Simon, 50 Mo. 374. (3) When action is brought upon a note without filing the original or a copy because of loss or destruction it is incumbent upon the plaintiff under the general issue to prove affirmatively every essential fact constitutive of his cause of action, including the execution of the instrument. Revised Statutes 1899, secs. 746, 747.

*Oliver & Oliver* for respondent.

(1) The will was properly admitted. The appellant concedes that it was proper for certain purposes. If she desires to limit its probative force that should have been done by instruction. Garesche v. Vincent's College, 76 Mo. 332; Wright v. Gillespie, 43 Mo. App. 244. (2) Even if the court erred in refusing to sustain the demurrer at the close of plaintiff's evidence that error was subsequently cured or waived by the defendant not standing on the demurrer. Essien v. Railroad, 96 Mo. 290; Frey v. Railroad, 200 Mo. 377.

NORTONI, J.—This is a suit on a promissory note. Plaintiff recovered and defendant prosecutes the appeal.

Plaintiff is executor of the last will of Samuel Hitt, deceased. The petition counts on a promissory

note of seven hundred and thirty dollars at eight per cent. interest, alleged to have been executed by defendant to said Samuel Hitt in 1893. Among other things, it is alleged in the petition that defendant, who is the widow of Samuel Hitt, has possession of the note and for that reason plaintiff executor is unable to file it as an exhibit with the petition. Besides a general denial, the answer set forth that Samuel Hitt, for good and valuable consideration, released defendant from the obligation of all claims and indebtedness to him during his lifetime. It appears that both Samuel Hitt and defendant, who is his widow, had been married before and each owned property in their own right and had children by their former marriages. This may, to some extent, explain the circumstances of a wife executing a note to her husband.

The question for decision relates to the sufficiency of the evidence to support the verdict for plaintiff and the propriety of the action of the court in admitting in evidence, over defendant's objection and exception, the will of deceased, Samuel Hitt. As before stated, the note itself was not introduced for the reason it was not in the plaintiff executor's possession, but had been destroyed theretofore by defendant. The only evidence introduced on the part of plaintiff to support the allegation that defendant owed the note is a recital in the will of Samuel Hitt, deceased, to the effect that defendant Elizabeth Hitt, his wife, executed to him a note for seven hundred and thirty dollars in the year 1893. This provision of the will recites, however, that the testator bequeathed the said note to defendant, but the bequest was made upon the express condition that she should accept the provisions of the will whereby other property was devised and bequeathed to her. The testator directed therein that if his widow renounced the provisions of the will and declined to accept the devise and bequest provided therein for her benefit, then, in that event, he directed his executor

to collect as part of the assets of the estate, the principal and interest due on the said note of seven hundred and thirty dollars. Other evidence was introduced for plaintiff tending to prove that the defendant had declined to accept the provisions of the will but had renounced the same and claimed her dower under the statutes. An objection was interposed to the introduction of the will *except for the purpose of showing the plaintiff's right to sue as executor.* The objection being overruled, the will was read in evidence and defendant requested the court to direct a verdict for her on the pleading and proof. Upon this request being denied, defendant introduced the testimony of her son by a former marriage, which tended to prove that his mother, Elizabeth Hitt, owed Samuel Hitt the note of seven hundred and thirty dollars at eight per cent. interest, in his lifetime, but that Samuel Hitt surrendered the same to his mother in his presence in consideration of her having signed a deed by which her dower was released in certain lands conveyed to one, Reynolds. The witness said the note was destroyed by his mother in his presence several days before, at the instance and request of her deceased husband, his stepfather, Samuel Hitt. The jury having found the issue for plaintiff as though defendant still owed the note, it is argued here that there is no testimony whatever to support the verdict for the reason the will was wholly incompetent to that end.

There can be no doubt that the recitals contained in the will to the effect that Elizabeth Hitt owed the testator a note of seven hundred and thirty dollars, executed in 1893, etc., were wholly incompetent as evidence of that fact, for besides such recitals in the will of plaintiff's testator being in the nature of self-serving declarations in the interest of deceased's estate, they impinge the rule against hearsay. The substance of the rule against hearsay is that it inhibits, as such, evidence not given under the sanctity of an oath and in

a maner which affords no opportunity for cross-examination to the adverse party. Either parol or documentary evidence which is violative of these requirements of the law is to be rejected as hearsay, unless it be in the case of certain exceptions which are unimportant here. [1 Greenleaf on Evidence, section 99.] It is obvious that a jury unadvised as to the rules of evidence is susceptible to persuasion by the recitals of a will. Ordinary men are prone to attach undue importance and repose great faith in what another may have said while under the influence of the spell which attends the act of finally disposing of his worldly possessions. In view of the solemnity of such a document as a will, men are given to indulge statements therein contained with reverence, to the extent, if not beyond, that which is accorded to like recitals under the sanctity of an oath. Recognizing such as true it is not doubted the recitals of the will pertaining to the indebtedness of defendant to the testator were highly prejudicial. If the will was introduced for the purpose of showing an indebtedness from defendant to plaintiff, it is entirely clear that it was incompetent, for besides being a self-serving declaration, it violated the rule against hearsay and should have been excluded from the consideration of the jury, except for the purpose of evincing the plaintiff's right to sue as executor. To this extent defendant conceded it was competent, and that question is not open for decision. [Rouch v. Zehring, 59 Pa. St. 74; Rowe v. Hibernia Savings & Loan Society, 134 Cal. 403; Lanier v. Huguley, 91 Ga. 791; 2 Ency. of Law and Practice, p. 13.] But if plaintiff's case be otherwise sufficiently sustained by the proof, the judgment may not be reversed for this alone, as the will was expressly admitted by counsel in his objection to be competent evidence of the fact that plaintiff is executor and authorized to maintain the action in favor of the testator's estate, for it otherwise appeared he was quali-

fied. There can be no doubt that as the will was admitted by counsel to be competent evidence to the extent and for the purpose mentioned it was properly re-received in evidence for that purpose, and it is the rule of decision in this state, that if a document in evidence is competent for any purpose, the judgment will not be reversed for error in admitting it in proof, unless the court has refused thereafter to exclude its irrelevant or incompetent parts or limit its effect by instruction. The doctrine seems to be that a party waives his right to complain of such incompetent portions of the document by not requesting an instruction to exclude it from or limit its consideration by the jury. A mere objection to the introduction of the document, without more, is not sufficient to afford a predicate for a reversal of the judgment, provided it is otherwise substantially supported by the evidence and it appears the document is properly in proof for some purpose in the case. Garesche v. The President, etc., St. Vincent's College, 76 Mo. 332, is a case in point. Though defendant objected to the introduction of the will except for the purpose of showing plaintiff's right to sue, no instruction whatever was requested either excluding from the case its incompetent recitals, or limiting the consideration of the document to the one fact of which counsel admitted its competency, that is to the fact of plaintiff's authority as executor. In the circumstances stated, under the authority of Garesche v. The President, etc., St. Vincent's College, 76 Mo. 332, the judgment should not be reversed for this error, if other evidence in the case sufficiently supports it.

Had defendant omitted to introduce any proof whatever after requesting the court to direct a verdict for her, we would be abundantly authorized in saying there is no substantial evidence in support of the verdict, but by introducing proof in her own behalf after the court refused to direct a verdict for her, defendant waived her right in respect to this matter

and submitted herself to the operation of the rule which requires the court to review all of the evidence. introduced on either side in such circumstances. In other words, by omitting to stand on her demurrer to the plaintiff's evidence, defendant proceeded at the risk of supplying deficiencies in plaintiff's case by her own proof. Therefore, if upon an examination of the evidence introduced by defendant there appears to be substantial proof in support of the verdict, the judgment should be affirmed. [Eswin v. St. Louis, I. M., etc., R. Co., 96 Mo. 290, 9 S. W. 577; Frye v. St. L., I. M., etc., R. Co., 200 Mo. 377, 98 S. W. 566; Klockenbrink v. St. Louis & M. R. Co., 172 Mo. 678, 72 S. W. 900.] The evidence introduced by defendant tended to prove that she owed the note to the deceased; that it was for the amount of seven hundred and thirty dollars and bore eight per cent. interest. This of itself is sufficient to support the verdict. The defense made is an affirmative one, for it goes to the effect that though defendant owed the note originally, it had been released in consideration of her joining with deceased in executing a deed to one, Reynolds. The indebtedness vouchsafed in the note being established, it of course devolved upon defendant to maintain the affirmative defense by a preponderance of the evidence to the reasonable satisfaction of the jury. The only witness giving testimony on the matter was defendant's son and he was not entirely clear in every detail. The matter of credibility of the testimony and its weight and value is for the jury and this is true even though it be not contradicted by that presented by the adverse party. [Gannon v. Laclede Gas Light Co., 145 Mo. 502, 46 S. W. 968, 47 S. W. 907.] Though the verdict is not the same as the appellate court would be inclined to give on all of the proof, if the cause of action relied upon is substantially sustained by portions of the evidence to which the jury appears to have accorded credit, we are not permitted to set it aside unless it be in a cause

where it is obvious the jury acted arbitrarily or were actuated by passion or prejudice. Nothing appears in the record tending to disclose arbitrary action or passion or prejudice. It appears to be a case where the jury accredited portions of competent proof and rejected other portions from the same witness. Such is within the province of the jury and in these circumstances we are not authorized to interfere. [James v. Mut. Reserve Fund, 148 Mo. 1, 49 S. W. 978; Longree v. Jackes-Evans Mfg. Co., 120 Mo. App. 478, 97 S. W. 272; Davis v. K. C. Belt Ry. Co., 46 Mo. App. 180.]

Notwithstanding the error in permitting the recitals of the will above referred to to be read to the jury, the judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.