ANNA MAKINSON, Appellant, v. JOHN W. SHUMICK et al., Appellees.

**WILLS: Contract to Devise—Degree of Showing.** An *oral* contract to devise property must, after the death of the contract devisor, be established by very clear and convincing testimony, especially when such contract, if established, will overturn a long standing title.

*Appeal from Fremont District Court.*—EARL PETERS, Judge.

MAY 8, 1923.

REHEARING DENIED NOVEMBER 20, 1923.

SUIT in equity, for the specific performance of an oral contract alleged to have been made between John Shumick and wife (now both deceased) and the parents of the plaintiff, Anna Makinson, for the benefit of the latter. Trial to the court. Petition dismissed, and plaintiff appeals.—*Affirmed.*

*Tinley, Mitchell, Ross & Mitchell* and *L. H. Mattox,* for appellant.

*Wilson & Keenan, Ferguson, Barnes & Ferguson, Saunders & Stuart,* and *Pitzer, Klyne & Tyler,* for appellees.

WEAVER, J.—Patrick Finn and Mary Finn were husband and wife. For some years they maintained a home in Nebraska, but later became residents of Iowa. Patrick died about the year 1906, and Mary died in January, 1920. During his lifetime, Patrick acquired title to 160 acres of land in Iowa, as well as to a certain other tract or tracts in the state of Nebraska. At some time prior to his death (the date not being made clear in the record, except by an inference that it was in the year 1898), he conveyed the title to his wife, Mary, in whom it remained until her death, in January, 1920. Neither of said parties left a surviving child or other lineal descendant. The plaintiff herein is the daughter of the sister of Mary Finn, and the defendants are collateral heirs and next of kin. Mary left a will, by which she gave the bulk of her entire estate to her sister, Ellen Lee. This instrument was thereafter, upon petition of the plaintiff, duly admitted to probate, without objection or contest. To this extent, the record is apparently undisputed. The suit was begun June 22, 1921. Plaintiff alleges, in substance, that, in the year 1884, when she was a child of twelve years, living with her parents in the state of Illinois, Patrick Finn and wife solicited the father and mother of plaintiff to permit them to take her into their care and custody, to be reared and kept by them as their own child, until she should marry; and that, as a consideration and inducement for the grant of said request, they offered and promised to leave to her their entire estate, upon their death. She further alleges that this offer was accepted, and that, in pursuance of said agreement, her parents surrendered her to the custody and keeping of Finn and wife; that she became a member of their family, serving them and supported by them as a daughter, until she married, in the year 1896, thereby performing and satisfying the conditions and considerations for the agreement pleaded; and she asks a decree confirming her said claim, and for the specific performance of said agreement. Plaintiff further explains and

seeks to avoid any unfavorable inference arising from her delay in making known her claim or from the probating of the will of Mary Finn by alleging that she first learned of the contract between her parents and Finn and wife only after the will had been probated, and that she then brought this suit, immediately upon being apprised of that fact.

Many other alleged facts and circumstances have been embodied in the pleadings on either side, but those we have mentioned are sufficient to indicate the nature of the controversy. For the purposes of this appeal, it may be assumed that the contract alleged by the plaintiff in her petition, if fully and fairly established by the evidence, is entirely valid, and capable of being specifically performed. To permit such performance, however, as against the denial of the defendants, the fact of such agreement and the definite or specific terms thereof must first be established; and the burden of such proof is on the plaintiff. In other words, the main issue is one of fact, and a careful examination of the record convinces us that the trial court reached a correct conclusion in holding that the plaintiff has failed to make a case justifying the grant of her prayer for relief. She undertakes to overturn the title to real estate which has stood unchallenged for many years. The parties with whom and by whom she alleges the agreement was made are all dead. Not a line or word in writing or of record is produced, to sustain or corroborate her claim. The conduct of Patrick Finn in conveying the land to his wife, and her subsequent act in disposing of the estate by will, are, to say the least, circumstantial evidence that neither of them recognized the existence of any such contract obligation on their part. The fact that plaintiff herself, living in the intimacy of family relations with Finn and wife from early girlhood until she was 25 years old, and maintaining amicable relations with these old people for 25 or more years thereafter, never knew of the alleged contract or asserted any right thereunder, is a very persuasive indication of the weakness of her claim. There is no claim or proof that any fraud, deceit, or concealment was practiced, to keep the plaintiff in ignorance of her alleged right, or of any other fact to obviate the defense of laches or toll the statute of limitations. Testimony of witnesses to the details of conversations with deceased persons in

the distant past is not always or altogether without value, especially where it is offered to corroborate or lend support to other evidence of a different character; but it may fairly be said that ordinarily, standing alone, it is regarded as of comparatively little probative value. It may be true that plaintiff had a good moral right to expect that her foster parents would recognize her relationship and services by some suitable provision out of their estate; but, in the absence of a proved contract, express or implied, the law provides her no remedy.

The foregoing view of the record makes unnecessary any discussion of other matters found in the proofs or suggested in argument. The decree of the district court is—*Affirmed.*

PRESTON, C. J., ARTHUR and DE GRAFF, JJ., concur.

STEVENS, J., takes no part.