WESTERN UNION TELEGRAPH COMPANY *v.* MART, JR.

[No. 15,998. Filed November 29, 1938. Rehearing denied May 3, 1939. Transfer denied June 12, 1939.]

*Meyer, Fine & Bamberger,* and *Francis R. Stark,* for appellant.

*French Clements,* for appellee.

CURTIS, C. J.—The cause of action herein was submitted for trial to the court and a jury in the court below upon the appellee's third amended complaint, to which an answer of general denial was filed, resulting in a verdict in favor of the appellee against the appellant in the sum of $250.00, upon which judgment was duly entered. There were various rulings as to motions and demurrers addressed to the pleadings below but since no error is brought here as to said rulings they need not be considered in this opinion.

The appellant seasonably filed its motion for a new trial, which was overruled with an exception. This appeal was then prayed and perfected. The only error assigned is the ruling on said motion. The causes or grounds of said motion which are here presented are: That the verdict of the jury is not sustained by sufficient evidence; is contrary to law; alleged error in the assessment of the amount of the recovery in that it is too large; that the court erred in refusing to give a peremptory instruction in favor of the appellant at the close of all of the evidence and alleged error in the giving of each of instructions numbered 2, 3, 4, 5 and 6 tendered by the appellee.

The appellee in his brief says that the appellant has

correctly stated the nature of the action, what the issues were, how the issues were decided and what the judgment was. We quote from that part of the appellant's brief as follows: "This is an action brought by the appellee against the appellant to recover the sum of five hundred dollars ($500) under and pursuant to an alleged contract of employment of the appellee by the appellant.

"Appellee in this action sought to recover the sum of five hundred dollars ($500) as damages for the breach of said alleged contract of employment, by which said alleged contract appellee charged that appellant employed appellee as broker to sell a carload of cabbage."

We now quote salient parts of the appellee's third amended complaint as follows: "The plaintiff states that on the 11th day of February, 1935, the defendant accepted a telegram from the Thomas Morris Produce Company, Incorporated, and undertook to transmit the said message to Evansville, Indiana, the original of which message is now in the possession of the defendant and was a message offering for sale a carload of cabbage in the car as being of a weight from forty-five (45) to fifty (50) pounds at one dollar and thirty-five ($1.35) per package f. o. b. San Benito, Texas, and the defendant incorrectly copied and delivered the telegram at its Evansville office making the telegram show packages weighing seventy (70) to eighty (80) pounds.

"The plaintiff states that the said car of cabbage was sold as described in the said telegram as copied at its Evansville office to the Federal Produce Company at Evansville, Indiana. The plaintiff states further that the car of cabbage arrived in Evansville and with the draft attached for eight hundred twenty-nine dollars and twenty cents ($829.20) to the Federal Produce Company in packages weighing from forty-five (45) to fifty (50) pounds and because of the difference in the weight of the packages of cabbage as they arrived from the weight

of seventy (70) to eighty (80) pounds as described in the telegram as copied in Evansville by the defendant, the Federal Produce Company refused to accept the car of cabbage.

"The plaintiff states that immediately upon rejection by the Federal Produce Company, the defendant, from its New York and Chicago office, sent a message to its Evansville office, which message is in the following words and figures, to wit:

CB249DH                    Chicago, Illinois        14
NELMS
    Evansville, Ind.            1935 Feb. 14 P. M. 1:10

YMy Referred Matter to Law Dept Nyk Flwg Instructions Recd Quote Brokerage Co Should Handle So as to Make the Loss as Small as Possible If Produce Considering Cost of Handling Cannot Be Handled to Any Better Advantage at Some Other Point Than It Can Where It Now Is if It Is Disposed of at One Forty a crate Then That Offer Should Be Accepted but if It Can Be Disposed of Elsewhere at a Better Price or if It Should be Disposed of Then at a Better Price Then It Should Be Handled in That Way Handling In This Way React to the Benefit of All Concerned and if the Telegraph Company Is Liable It Will Pay Claim So Long as It Is Within the Limits of Its Stipulated Liability but If Telegraph Company Is Not Liable Then Loss Will have to Fall on Some of the Other Parties Involved but There Can Be No Question That It is Duty of These Parties to Dispose of the Produce on Best Terms Possible and Not Let It Spoil and Even if There Is Liability on Part of Telegraph Company It Will Not Be Liable for Any Loss Which May Be Caused by Failure of Parties to Dispose of Produce and Thus Make Loss as Light as Possible You May Say to Them That Any Handling They Give Will Be Entirely Without Prejudice of Their Claim and Shall Not Be Considered as a Waiver of Any of the Rights Which They Might Have Against Telegraph Company Urge Upon Them the Desirability From All Standpoints of Disposing of Produce at Best Possible Price End Quotation
                    Schuler            Desk 9

"That the above message was received by the defendant by its Evansville manager and agent, Benton C. Nelms, at 107 Main street, Evansville, Indiana, and its said local agent immediately took charge of the said carload of cabbage and employed this plaintiff as broker to dispose of said carload of cabbage at the best price obtainable in some market outside the City of Evansville, Indiana, and directed this plaintiff, as broker, to dispose of the car at once. The defendant through its agent knew that the carload of cabbage was highly perishable and in danger of being deteriorated and lost. The plaintiff accepted the said employment, and did all things required of him to be done as broker for the defendant and took up and paid the draft against the said car in the amount of eight hundred twenty-nine dollars and twenty cents ($829.20) and sent the car to Cincinnati, Ohio, where it was sold for four hundred thirty-four dollars and thirty-two cents ($434.32) by the plaintiff as broker for the defendant, that being the highest and best price obtainable; all of which was done by this plaintiff as broker and under the employment of the plaintiff by the defendant.

"The plaintiff states that his employment was oral and was a direction to him by the defendant through its Evansville agent for him to sell the car at once outside the City of Evansville and that he has done and performed all things on his part to be performed by him as plaintiff and broker. And that the defendant at all times retained in its possession the telegram above set out and was·not shown or read to or delivered to this plaintiff until the time of the filing of this amended complaint.

"The plaintiff states that for his services as broker he is entitled to a brokerage fee of twenty-five dollars ($25) and that after taking up and paying the draft against the said car in the amount of eight hundred twenty-nine dollars and twenty cents ($829.20) and selling the car in

Cincinnati, Ohio, for four hundred thirty-four dollars and thirty-two cents ($434.32) that a loss on the car was established in the amount of three hundred ninety-four dollars and eighty-eight cents ($394.88) and which amount the plaintiff was required to pay in order to deliver the car to the S. A. Gerrard Company, Cincinnati, Ohio.

"The plaintiff states that he made a demand and filed a claim with the defendant for his loss in the sum of three hundred ninety-four dollars and eighty-eight cents ($394.88) and that the defendant refused to pay the same and that this plaintiff is further entitled to his brokerage fee in the amount of twenty-five dollars ($25), all of which is now due from the defendant.

"Wherefore, the plaintiff sues and demands judgment against the defendant in the sum of five hundred dollars ($500), his costs and all other proper relief."

We have read the evidence as set out in the briefs of the parties. In our opinion it sufficiently establishes the material allegations of the said third amended complaint, and amply sustains the verdict. The amount of the recovery assessed is below the amount shown by a part of the evidence, therefore the amount of the recovery cannot by this court be held to be too large. There was no error in refusing to give the peremptory instruction requested by the appellant.

It follows that the verdict must stand unless it is contrary to law or unless it was improperly affected by an error or errors of law occurring at the trial and complained of by the appellant. On this point only alleged errors as to each of four instructions tendered by the appellee and given by the court are assigned by the appellant. These instructions are as follows: "Instruction No. 2. If you find, by a fair preponderonce of all the evidence, and under the instructions given you, that the defendant, from its New York and Chicago offices sent a

telegram to its Evansville office, and that it was the intention of the defendant, by its telegram, to give authority to its agent at its Evansville office to employ a broker and sell the car of cabbage described in the plaintiff's complaint, then, in event of such a finding by you, you are instructed that the Evansville agent of the defendant, The Western Union Telegraph Company, had authority to employ this plaintiff as broker for the purpose of selling the car of cabbage described in the plaintiff's third amended complaint. Instruction No. 3. If you find, by a fair preponderance of all the evidence and under the instructions given you, that the carload of cabbage described in plaintiff's third amended complaint was delivered to Evansville, Indiana, and was refused by the purchaser, and that the defendant had made a mistake in describing the size of the crates of cabbage, and that the defendant undertook to sell and dispose of the car of cabbage and employed this plaintiff as a broker to sell and dispose of the car, and that this plaintiff did sell the car for the defendant, then, in event of such a finding by you from the evidence, you are instructed that the defendant would be liable to the plaintiff for the loss or damage that the plaintiff necessarily incurred in selling the car of cabbage, if any such loss or damage is shown by the evidence. Instruction No. 4. You are instructed that if you should find by a fair preponderance of all the evidence and under the instructions given you that the defendant, The Western Union Telegraph Company, maintained an office and a manager at Evansville, Indiana, at the time alleged in the plaintiff's third amended complaint; that the manager at Evansville is presumed to have authority to transact the business of the Western Union Telegraph Company in the city of Evansville, Indiana, if the business he transacts is not illegal. If the manager of the defendant should exceed his authority, this would not absolve the defendant from

the consequences of the acts of its manager unless the fact that the manager had exceeded his authority was known to the plaintiff or was of such a nature that a reasonable and prudent person of ordinary intelligence would have known and would have believed to be outside the authority of the manager."

Instruction No. 5. "If you find for the plaintiff, it is your duty to fix the amount of damages that the plaintiff is entitled to recover from the defendant. In fixing this amount, you may consider the actual amount of money the plaintiff lost in the transaction, if any is shown by the evidence. You may also consider the amount that the plaintiff would be entitled to for his services as a broker, if any is shown by the evidence, and any other loss or damage shown by the evidence to have been necessarily incurred by the plaintiff on account of the plaintiff's employment, if you find he was employed, by the defendant, all as alleged in his third amended complaint and shown by the evidence, not to exceed the amount of Five Hundred Dollars ($500.00), as alleged in his complaint."

Instruction No. 6. "If you find from the evidence, that the defendant sent a telegram of instructions to its agent at Evansville, regarding the car of cabbage described in the plaintiff's third amended complaint, and if you further find that the agent was to exercise his judgment as to what disposition should be made of the said car, then you are instructed that the judgment of the agent is the judgment of the principal, and the decision of the agent is binding upon the principal, and if a loss is sustained, it would be the loss of the defendant, and not the loss of the plaintiff, provided that the loss is shown by the evidence." While these instructions are not as clear and concise as they might be yet when they are read in the light of the pleadings and the evidence and are con-

sidered along with the other instructions given, it becomes apparent that the jury was fully and fairly instructed.

But the appellant argues that the alleged employment of the appellee was a suggestion merely and did not amount to a contract. It overlooks the fact that upon the appellant's suggestion the appellee acted as suggested to his damage and that such action was with the full knowledge and consent of the appellant. Under such circumstances the appellant will not be heard to say that the matter did not reach beyond the "suggestion" stage.

Lastly the appellant advances the argument to the effect that its only liability is measured by the provisions on the back of the message limiting its liability. It is admitted however by the appellant that it made the mistake in the message as charged in the complaint. There was evidence from which the jury was justified in concluding that the appellant after full knowledge of its mistake and its consequences took charge of the rejected car of cabbage and made a contract with the appellee to dispose of the car of cabbage and that this contract was separate and independent of the erroneous message. The cases cited by the appellant under this proposition are therefore not in point.

We have found no reversible error.

Judgment affirmed.