LINTON-SUMMIT COAL CO., INC. *v.* HUTCHISON ET AL.

[No. 29,063.   Filed May 1, 1953.   Rehearing denied June 10, 1953.]

*Hays & Hays,* of Sullivan, and *Dix, Dix, Patrick, Ratcliffe & Nunn,* of Terre Haute, for appellant.

*Crane & Jackson,* of Bloomfield, and *Pigg & Tennis,* of Sullivan, for appellees.

GILKISON, J.—This action was brought by appellees to collect damages from appellant for an alleged violation of a certain grant to it by appellees. The grant, omitting signatures and acknowledgment, is as follows:

## "GRANT

"This Indenture Witnesseth, that we, Beulah C. Hutchison and Elza Hutchison, her husband, of Sullivan County, State of Indiana, hereby give and grant to the Linton-Summit Coal Company, Inc., a corporation, incorporated by and under the laws of the State of Indiana, the right to drill a hole for the purpose of removing water from coal mines on the following described real estate located in Sullivan County, State of Indiana, to-wit:

"The northeast quarter of the southwest quarter of Section 5, Township 7 North, Range 8 West,

the said grantee to have the right to pump such water from coal mines under said real estate and to pipe water to fence of property above described, to the border of such described real estate and into the ditch upon such highway.

"In consideration for this grant, the said grantee agrees not to mine the coal under the following described part of said real estate, located in Sullivan County, State of Indiana, to-wit:

"Beginning at a point 145 feet south and 767 feet West of the center of Section 5, Township 7 North, Range 8 West, running thence south 82 feet; thence west 92 feet, thence north 82 feet; thence east 92 feet to the point and place of beginning,

said last described real estate being that part of the real estate upon which the house is located and sufficient ground in addition thereto to prevent subsidence because of the mining of the coal.

"In Witness Whereof the said Beulah C. Hutchison and Elza Hutchison, her husband, have hereunto affixed their hands and seals this 8 day of October, 1948."

At the time of the execution of this grant, appellees were the owners of the forty acre tract of real estate within which the real estate described in the grant is located, and appellant owned a stratum of coal under-

lying the forty acre tract, which it was then removing by shaft mining. The purpose of the contracting parties is revealed fully by the terms of the grant.

Among other things the complaint avers that after the execution of the grant, in February, 1949, the Linton-Summit Coal Company, Inc. mined and removed the coal from under the surface of the real estate and from under the dwelling house and the real estate described in the written grant, and as a result the surface of the real estate had subsided, and cracked, and broke the foundation of the house and the walls and floor of the basement and porch and the plaster of the house, all in violation of the terms of the grant, and to plaintiffs' damage in the sum of twelve thousand dollars.

The cause was tried by the court, without a jury and a finding and judgment was rendered for plaintiffs in the sum of seven thousand five hundred dollars. Defendant's motion for new trial containing seventeen reasons was overruled and the appeal was perfected.

In its argument appellant groups together causes 5, 6, 7, 8, 9, 12 and 13 of its motion for new trial. We shall follow this grouping for the purpose of deciding the questions so presented.

With respect to the witness, Burge Squire, after qualifying by detailing his long experience in mining coal in the district, and his extensive observations of the cracks, sinks and other indications of subsidence on the real estate involved in the "grant" noted, he was asked: "What would you say to the court in your opinion made these cracks you have told the court about?" The question was objected to "for the reason that the witness had not been qualified as an expert on cracks and subsidence." The court overruled the objection. We find no error in this ruling. The

objection questioned the weight rather than the competency or relevancy of the offered evidence. The weight of offered evidence is always left to the determination of the trier of the facts, which in this case was the trial judge. It has been truly stated that "Evidence given by witnesses testifying from personal observation is of greater weight than that of witnesses testifying merely from general knowledge. So, direct or positive evidence has greater weight than opinion evidence, or surmises or estimates, or an expert's speculation; and a theoretical possibility, wholly unsupported by proof or probability, cannot outweigh direct testimony, which to the ordinary mind, carries conviction beyond a reasonable doubt." 32 C. J. S., Evidence, §1031, 1068 at page 1072 and note 61. See, also, *Brazil Block Coal Co.* v. *Gibson* (1903), 160 Ind. 319, 325, 66 N. E. 882, 98 Am. St. 281. So evidence of an experienced layman based upon undisputed facts that he has observed with respect to the matter involved is competent and material. The competency of a witness to testify as an expert is a matter resting largely in the discretion of the trial court, with whose rulings appellate courts are slow to interfere. *The Lake Erie and Western Railroad Company* v. *Mugg, Administrator* (1892), 132 Ind. 168, 170, 31 N. E. 564.

Similar questions were put to plaintiffs' witnesses, Alec Davidson, Charles Meier, James Oliver, William Wilkey, and Ora Butler, with similar objections by the defendant, which objections were overruled by the court. We find no error in these rulings. It was not error to overrule motions by the defendant to strike out the answers to such questions.

A witness, Glessie Eads, after testifying that he had worked in the coal mines "for forty some odd years", was

asked: "And you have observed what happens when you take coal out from the surface?" This was objected to by the defendant, the objection being: "That is a leading question." The objection was overruled. There was no error in this ruling.

In its brief appellant waives any questions presented by its motion for new trial as to causes 3, 4, 10, 11, 15, and 16, by its failure to present them in the "Argument" portion of its brief.

A witness, Ora Butler, who lives three fourths of a mile from appellees' home, after testifying to facts indicating that he was well acquainted with appellees' home, both before and after the alleged injury, was asked: "Just tell the court in your own way before that time just what you observed about the house?" The answer was "Well, I did observe that it was a well constructed house." Defendant moved to strike out the words "A well constructed house" as being a conclusion of the witness. The motion was overruled. The answer given was responsive to the question. It seems to have been a fact observed by the witness, rather than his opinion. We find no reversible error in this ruling.

We have examined the evidence carefully and are convinced that the finding of the court is sustained by the evidence. We do not agree with appellants' contention that the opinions expressed by appellees' witnesses, based upon the physical facts described by each of them, were speculative or conjectural on the contrary these opinions are factual. The surface facts described by the several witnesses and admitted by appellant to exist, was evidence of the physical fact that the coal reserve under the real estate described in the "grant" or some material part of it had been removed.

It was for the trial court to weigh conflicting evi-

dence and determine its preponderance. This it has done. We cannot weigh such evidence. We must accept the preponderance as found by the trial court.

Causes one and two of the motion for new trial, that the decision is not sustained by sufficient evidence and is contrary to law, depend for solution upon whether there was error in overruling the objections to the admission of the evidence aforenoted. Since there was no error in this ruling, it was not error to overrule the motion for new trial as to causes one and two.

The record shows that the complaint was filed in the Sullivan Circuit Court on October 31, 1950, defendant entered its general appearance on January 15, 1951 and filed its verified motion for change of venue from the county. The motion was sustained, and on January 22, 1951 the venue of the cause was regularly changed to the Greene Circuit Court where the transcript was regularly filed on February 13, 1951. An amended complaint was filed on March 17, 1951. The trial was begun on October 31, 1951. On November 6, 1951 parties each rested their case finally. On November 26, 1951 the parties argued the case to the court, and the court, having been requested theretofore so to do, filed its special findings of facts and conclusions of law. On December 17, 1951 plaintiffs' motion for judgment on the special findings of fact and conclusions of law was sustained and the judgment was rendered. On January 2, 1952, defendant filed its motion for new trial, cause No. 17, asked the trial court under Rule 1-8 of the Supreme Court, "to open the judgment and take additional testimony by appointed independent and impartial experts who should be authorized and directed to drill on the reserve area core hole tests to determine whether the coal has been mined from under the 82 by

92 foot reserve, . . . (and) report their findings to this court as additional evidence in this cause. . . ." This cause for new trial is accompanied by an affidavit of one of defendant's attorneys.

Rule 1-8 provides as follows:

> "On a motion for a new trial in an action tried without a jury, the court may open the judgment, if one has been entered, take additional testimony, amend findings of fact and conclusions of law, or make new findings and conclusions, and direct the entry of a new judgment."

It will be observed that by cause 17 of the motion for new trial, appellant does not contend that it has any newly discovered evidence, material for it, which it could not, with reasonable diligence, have discovered and produced at the trial, as provided for by clause Seventh of §2-2401, Burns' 1946 Replacement. On the contrary it inferentially admits that it does not have additional evidence as to any material issue. Giving cause No. 17 and the attorney's affidavit accompanying it the most liberal construction possible, they merely suggest the possibility of producing additional evidence if the court will appoint "experts" to core drill on the area described in the "grant" and thereby determine whether the coal has been mined under the reserve. There is no showing, that the evidence thus procured would produce a different result if a new trial should be granted, nor that appellant used diligence to procure the evidence prior to the trial. *Bartley* v. *Chicago & E. I. Ry. Co.* (1942), 220 Ind. 354, 360 and cases cited, 41 N. E. 2d 805. From the evidence in the record there is a strong inference that the suggested evidence, if procured, would support the appellees rather than appellant.

There is nothing in Rule 1-8 supra, **authorizing** the

trial court to take the extensive action requested by appellant in its cause No. 17 for new trial. We find no abuse of discretion by the trial court in overruling the motion for new trial as to this cause.

Finding no error in the record the judgment of the trial court is affirmed.

NOTE.—Reported in 111 N. E. 2d 819.