BUSH, ETC. *v.* WALTERS ET AL.

[No. 19,812. Filed October 16, 1963.]

*Robert B. Railing,* of Scottsburg, for appellant.

*Eugene L. Cooper* and *Cooper, Cooper, Cooper & Cox,* of Madison, for appellees.

RYAN, J.—The appellee Stella Walters instituted this action against the estate of Harvey J. Zearing to re-

cover for work and services performed. Trial was had by the court and judgment was rendered in favor of the appellee, Stella Walters. The appellant Ruth Z. Bush, daughter of the decedent, Harvey J. Zearing, had defended the action and upon the rendering of the judgment filed her motion for a new trial which contained the specifications of error in the assessment of the recovery in that it was too large, and that the finding and decision of the court was not sustained by sufficient evidence and was contrary to law.

Appellant's brief fails to argue the question as to the amount of recovery, and therefore that error is waived.

Appellant now contends that the court below did not have jurisdiction of the parties or of the subject matter. However, the brief fails to support this contention with any cogent argument, and we are at a loss as to what point appellant attempts to raise by such argument.

Appellant further contends that we had this same cause before us in the case of *Zearing* v. *Walters* (1954), which is reported in 125 Ind. App. 202, 122 N. E. 2d 625, and in which we reversed a judgment of the Scott Circuit Court. The appellant submits that the facts in this case are the same facts as were presented in the above cited case, and therefore we should reverse the judgment.

In *Zearing* v. *Walters, supra,* this court had held that the presumption of a contract which the law ordinarily implies in a situation such as this, was wholly overcome by the undisputed facts. However, the record before us indicates that the appellee Stella Walters testified that she expected to be paid, and one Francis Zearing testified that his father, Harvey J. Zearing, now

deceased, had stated that she, meaning Stella Walters, is going to get paid for her services.

This court in the recent case of *In re Hutchinson's Estate* (1963), 135 Ind. App. 137, 191 N. E. 2d 46, quoted with approval the rule as stated in *First Bank & Trust Company, etc., Executor, etc.* v. *Tellson* (1954), 124 Ind. App. 478, on page 487, 118 N. E. 2d 496, on page 500:

". . . Our courts have held on numerous occasions that, although the elements of intention to pay on the one hand and expectation of compensation on the other must be found to exist, *such elements, like other ultimate facts, may be inferred from the relation and situation of the parties, the nature and character of the services rendered, and any other facts and circumstances which may reasonably be said* to throw light upon the question. . . ."
(Emphasis supplied)

The trial court, being fully aware of the former opinion, *Zearing* v. *Walters, supra,* was also presented with a different factual situation and properly arrived at the conclusion reached.

Judgment affirmed.

Clements and Cooper, JJ., concur.

Carson, P. J., not participating.

NOTE.—Reported in 193 N. E. 2d 140.