ESTATE OF PERCY PENDELL *v.* WOLFINGER.

[No. 20,756. Filed May 20, 1968. Rehearing denied July 2, 1968. Transfer denied September 25, 1968.]

*Gerald G. Fuchs,* of Evansville, and *Raymond P. Knoll,* of Boonville, for appellant.

*Donald G. Hendrickson,* of Boonville, for appellee.

COOPER, J.—This appeal comes to us from the Probate Court of Vanderburgh County, where, in an action on a claim against the estate of Percy Pendell, the appellee recovered a judgment for $5,625.00. The Appellee's claim was based on services rendered by her to the decedent for board, room and home care for a period of approximately ten years from May, 1953, to October, 1963. After the issues were closed, trial was had to the Court which found for the appellee herein and rendered judgment in the foregoing amount.

The appellant's motion for a new trial, which was overruled by the trial court, contained several specifications of error. The argument portion of the appellant's brief urges the following specifications of error:

"(2)   The judgment of the court is not sustained by sufficient evidence.

"(3)   The judgment of the court is contrary to law."

The appellant contends, in substance, that there was no evidence to establish the value of the specific services performed, or of room or housing provided, or of services allegedly performed by the plaintiff-appellee to the deceased during the years 1953 to 1963. That the judgment of the trial court, therefore, could only have been founded upon conjecture and surmise, and that the damages or recovery assessed were excessive.

We cannot agree with the foregoing contentions of the appellant. It is true that if there is no evidence in the record before us to support the decision of the trial court, or if there is no evidence from which proper inferences might have been drawn by the trial court to support its decision, then such decision is contrary to law. However, such is not the situation in this instance. We have carefully reviewed the evidence contained in the record, which we do not deem necessary to set forth herein, and we did find some conflict.

There is evidence in the record that the Appellee rendered services to the decedent for approximately 3,784 days, and also evidence that such services were reasonably worth a sum of $4.00 per day, or over a total of $15,000. There was evidence that the value of a sleeping room was $10.00 per week and that the Appellee furnished such a room to the decedent for approximately 542 weeks, or a value of over $5,420.00. There is also evidence in the record on which the trial court could have based the inference that the appellee expected to be paid for the foregoing services and that the decedent expected to pay for the services so rendered. We are mindful that the rule in determining whether a verdict or decision is sustained by sufficient evidence, that circumstantial evidence and inferences may be considered. *Estes* v. *State of Indiana* (1964), 244 Ind. 691, 195 N. E. 2d 471. Our Supreme Court has stated, in substance, that contradicted evidence will sometimes support conflicting inferences, in which case the inferences drawn therefrom by the trier of facts, which in this case was the trial court, will prevail. See *A. S. C. Corp.* v. *First Nat'l Bank of Elwood, et al.* (1960), 241 Ind. 19, 167 N. E. 2d 460.

Where, as in this cause, there is evidence of probative value from which the trial court could have found or from which the court may have properly inferred that the Appellee rendered services to the decedent for board, room and home care for a period of ten years, including several months when the de-

cedent was ill, the trial court's decision will not be disturbed on appeal, as the rule is well established by many opinions of the Supreme Court and this Court, that both courts on appeal will not weigh the evidence.

Perhaps it might be well, in view of the questions raised in this appeal, to restate the reasons for the rule as they appear in the case of *Deal* v. *The State* (1895), 140 Ind. 354, 358, 39 N. E. 930, at page 931:

> "The reason most frequently given in the decisions of this court for the rule that this court cannot weigh the evidence, and therefore can not reverse for the reason that the preponderance of the evidence seems to be against the finding or verdict, is that the opportunities and means of the court and jury trying the cause are so vastly superior to those of this court, they being able to see the witnesses face to face, to observe their conduct, appearance and demeanor on the witness stand, and thus judging of their intelligence, fairness and candor and many other means of weighing evidence that this court can not have, that it is deemed safer to leave that duty to be performed exclusively by them . . ."

Where there is legal evidence having probative value, tending to support the decision of the trial court upon all material questions in issue, this court will not weigh the evidence or reverse the judgment on the weight of testimony, unless it is of such character that to believe it would involve an absurd or unreasonable conclusion. *Bailey* v. *Washington Theatre Co. et al.* (1942), 112 Ind. App. 336, 343, 41 N. E. 2d 819, and authorities cited therein.

This court in the recent case of *In Re Estate of Hutchinson, et al.* v. *Lehr* (1963), 135 Ind. App. 137, 191 N. E. 2d 46, quoted with approval the rule as stated in *First Bank and Trust Co. of South Bend, Exec. of Estate of Spird* v. *Tellson* (1954), 124 Ind. App. 478, on page 487, 118 N. E. 2d 496, on page 500:

> ". . . Our courts have held on numerous occasions that, although the elements of intention to pay on the one hand

and the expectation of compensation on the other must be found to exist, *such elements, like other ultimate facts, may be inferred from the relation and situation of the parties, the nature and character of the services rendered, and any other facts and circumstances which may reasonably be said to throw light upon the question. . . .*" (Our emphasis).

By reason of what we have heretofore stated and having in mind the general rule of law that on appeal all reasonable presumptions are indulged in favor of the rulings and judgment below, we cannot say as a matter of law that the judgment of the trial court is not sustained by sufficient evidence or is excessive, or is contrary to law. See Sec. 2790 (1), p. 493, Wiltrout's Indiana Practice, Vol. 3, and authorities cited.

Judgment affirmed.

Carson, C. J., Faulconer and Prime, JJ., concur.

NOTE.—Reported in 236 N. E. 2d 842.